*J. B. Niles*, for the appellant.

---

## HARRISON v. BRYANT.

Debt by *A.* against *B.* and *C.* on a note. Plea, that the note was made by *B.*, as principal, and *C.* as surety; that prior to and at the time of making the note, *A.* and *B.* were partners in the drug business in the town of *V.*, and in consideration that *B.* would pay *A.* a certain sum, and the defendants would execute said note and another for a like sum, *A.* agreed to transfer to *B.* his interest in the business and to retire from and not engage in the business in *V.* for one year; that accordingly *B.* paid the sum agreed upon, and executed the notes, with *C.* as surety; that *A.* did not comply with his agreement, but for a long period withheld and concealed from *B.* a part of the drugs, during which time he was prevented from selling and making profits out of them; nor did *A.* retire from business, but, in fraud of the agreement, resumed said business in *V.*, &c., to the great damage, &c. Special demurrer to the plea. *Held*, that the plea was objectionable for not alleging any specific amount of damage sustained by *B.*

Where the general issue and a special plea have been filed, and the matter specially pleaded was admissible under the general issue, the judgment will not be reversed though a demurrer to the special plea has been erroneously sustained.

ERROR to the *Porter* Circuit Court.

DAVISON, J.—*Bryant* sued *Harrison* and *Campbell*, in debt, upon a note for the payment of 150 dollars. Pleas, 1. The general issue. 2. Failure of consideration. The facts set up in the second plea are these:

*Harrison* was the principal in the note, and *Campbell* his security. Sometime previous and up until the execution of the note, *Harrison* and *Bryant* were partners in the drug business in the town of *Valparaiso;* and in consideration that *Harrison* would pay *Bryant* a certain amount of money, and the defendants would execute the note declared on, and another for a like sum, *Bryant* agreed that he would transfer to *Harrison* all his interest in said business; would retire from the drug business and not engage in the sale of drugs in said town for the term of one year. Pursuant to this agreement, *Harrison* paid *Bryant* the amount agreed on; with *Campbell* as his surety, *Harrison* executed the note in suit, and also another for 150 dollars. *Bryant* failed to comply with his agreement. For a long space of time, he withheld and concealed from *Harrison* a portion of the drugs, during which he was prevented from selling and making profits out of them. Nor did *Bryant* retire from business, but in fraud of the agreement, resumed business in said town, &c., to the great damage of *Harrison*, &c.

To this plea there was a special demurrer sustained. The Court tried the issue upon the first plea, and found for the plaintiff. Motion for a new trial overruled, and judgment on the finding of the Court.

The second plea is objectionable, because it is not shown that *Harrison*, on account of *Bryant's* violation of the contract, sustained any specific amount of damage. Therefore the demurrer was correctly sustained.

But had the ruling of the Court been erroneous, such error, in this case, would have been insufficient to reverse the judgment. The general issue was in, and under it the matter set out in the plea would be admissible. 8 Blackf. 41, 427.—1 Ind. R. 322.—3 *id.* 286.

May Term,
1854.

HARRISON
v.
BRYANT.

*Wednesday,*
*May* 31.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. A. Liston* and *J. S. Harvey*, for the plaintiffs.

*J. B. Niles*, for the defendant.