*D. M°Donald* and *W. R. Harrison*, for the appellant.

May Term, **1857.**

MARION, &c.,
RAILROAD
COMPANY
v.
HODGE.

---

THE MARION AND MISSISSINEWA RAILROAD COMPANY *v.* HODGE.

A bill of exchange drawn by one upon himself, as by a corporation upon its secretary, is in legal effect a promissory note, and may be the foundation of an action.

Such draft must, however, be presented for payment.

A paragraph of an answer in the form of a plea of *nil debet*, puts the fact of presentment in issue, and requires it to be proved.

A resolution adopted by the corporation that they would pay interest on the scrip issued by them, entitles the holder to interest on drafts drawn by the company upon its treasurer, after the adoption of the resolution, without a demand of payment.

APPEAL from the *Grant* Circuit Court.

GOOKINS, J.—*Hodge*, the appellee, sued the appellants, an incorporated company, upon several orders, drawn in the following form:

" The treasurer of the *Marion and Mississinewa Valley*

*Friday,*
*May 29.*

May Term, *Railroad Company:* Pay five dollars to *J. D. Cook.* Al-
1857.   lowed *December* 22, 1853. This will be received in pay-
MARION, &c., ment of all dues to the company. *December* 22, 1853.
RAILROAD
COMPANY *Joseph Lomax,* President. *Jno. M. Wallace,* Secretary.
v.
HODGE.        The complaint averred that the orders had been assigned
to the plaintiff by the drawees, respectively, and that they
had been presented to the treasurer for payment, and pay-
ment refused.

A demurrer to the complaint was overruled, and the de-
fendant excepted. In support of the demurrer, it is insisted
that an order in the above form contains no promise to
pay. We think otherwise. The complaint alleged that
the orders were drawn by the company, and this the de-
murrer admitted. A bill of exchange drawn by the maker
upon himself is, in legal effect, a promissory note. Story
on Bills, ss. 35, 59.—*Marion and Mississinewa Railroad
Company* v. *Dillon,* 7 Ind. R. 404. These orders differ in
form from promissory notes, and we have decided that
they must be presented for payment (see the case last cited,
and the same party v. *Lomax, id.* 648); but yet such an
order drawn by the company upon its own treasurer, in
favor of a third person, is a clear acknowledgment of an
indebtedness in favor of the drawee, and may be the foun-
dation of an action.

It is further said upon this point, that the last clause of
the order, making it receivable in payment of dues to the
company, shows that it is not a promise to pay money.
We see nothing in this objection. The order was complete
without that stipulation. It simply conferred on debtors of
the company the right to use those orders in payment.

The demurrer was properly overruled.

The defendant answered in two paragraphs, 1st, denying
the making of the orders; 2d, that the defendant was not
indebted to the plaintiff in manner and form as stated in
the complaint.

There was a trial by the Court, finding for the plaintiff
for the amount of the orders with interest, new trial re-
fused, and judgment.

The evidence consisted of the several orders, as stated

in the complaint, and a resolution of the board of directors of the company as follows:

May Term, 1857.

MARION, &c., RAILROAD COMPANY
v.
HODGE.

"*Resolved*, That all scrip orders on the treasurer of this company shall draw interest at the rate of 6 per cent. per annum from their date."

This resolution is dated *September* 25, 1853. Twenty-four orders of five dollars each, were given in evidence, five of which were issued before, and nineteen after, the date of the foregoing resolution. The first paragraph of the answer, denying the execution of the orders, was not sworn to. The making of them by the company, as alleged, was therefore admitted; but there was no evidence that they had been presented to the treasurer for payment, and, according to the cases referred to, *supra*, the judgment must be reversed, unless their presentment was admitted by the pleadings. The second paragraph was in the form of a plea of *nil debet*. This, though not a direct, was an argumentative denial of the facts stated in the complaint, and under our system of pleading, the design of which is to disregard forms and retain the substance, we think the fact of presentment was put in issue by the answer.

This construction seems to be required by section 90 of the practice act (2 R. S. p. 45), which declares that, "in the construction of a pleading for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties."

For want of proof of presentment of the orders, the judgment must be reversed, and the cause remanded for a new trial.

The remaining question is, what was the effect of the resolution on the subject of interest?

A note payable on demand does not draw interest until payment is demanded. Such was the legal effect of the orders sued on. Consequently, in the absence of any evidence of a demand, interest was not due upon those which were issued before the resolution above was adopted. But we think those issued after that time drew interest. It is a fair and reasonable presumption that the persons to whom

May Term,   they were issued took them upon the faith of that resolu-
1857.    tion.

HARRIS        *Per Curiam.*—The judgment is reversed with costs.
v.
BRADLEY.    Cause remanded, &c.

  *I. Van Devanter* and *J. F. M'Dowell*, for the appellants.

  *J. Brownlee*, for the. appellee.