## THE CHICAGO, CINCINNATI, AND LOUISVILLE RAILROAD COMPANY *v.* WEST.

PLEADING.—*Complaint Containing Defence and Reply.*—It will not render a complaint subject to a demurrer for want of sufficient facts, that after stating a cause of action for goods sold and delivered at the request of and on account of the defendant, it proceeds to anticipate and avoid the defence to the action.

MOTION TO STRIKE OUT.—*Bill of Exceptions.*—A refusal to strike out part of a complaint must be presented as error by a bill of exceptions.

CONSIDERATION.—*Promise for Benefit of Third Person.*—Where a complaint charged that a railroad company promised to pay for goods which should be furnished to a sub-contractor, an answer that the railroad company was not indebted to the sub-contractor was held no defence on demurrer.

PRACTICE.—*Demurrer.*—Where a demurrer is sustained to an answer which only amounts to the general denial, it will not be available error, if the general denial be also pleaded.

EVIDENCE.—*Explanation of Delivery of Draft.*—Evidence to explain under what circumstances a draft on one officer of a railroad company was accepted by another officer of the same company, and delivered to the plaintiff having an account against the company, is admissible, there being an averment in the complaint that the draft was not delivered or received as payment. Such evidence does not contradict the tenor of the draft.

APPEAL from the Miami Circuit Court.

DOWNEY, J.—The appellee sued the appellant, alleging in his complaint, that the railroad company, through E. H. Leaming, its duly authorized agent, authorized and directed the plaintiff to furnish and deliver, on the credit of the defendant, to Maurice Quinn, a sub-contractor on the road of said company, who was engaged in the construction of the road-bed thereof, in the county of Miami, such groceries and supplies as might be needed for boarding and furnishing the laborers employed by said Quinn as such sub-contractor; that in pursuance of the authority and instructions so given by said Leaming, agent as aforesaid, plaintiff furnished and delivered, from the 1st day of December, 1867, to the 15th day of January, 1868, groceries, provisions, and supplies to said Quinn for the purposes aforesaid, to the amount of five hundred and fifty-eight dollars and sixty-three cents, of which one hundred and fifty dollars was afterward paid, and at the request and for the convenience of said defendant charged the same upon his books to the account of said Quinn, a copy of which account is filed with the complaint; that thereafter, to wit, on the 14th day of January, 1868, the said railroad company, for its own convenience merely, but not in payment, satisfaction, or transfer of said debt, caused to be drawn by said Quinn a certain order on E. H. Scott, an agent in their employ, for one hundred and eighty-four dollars and thirty cents, which order was accepted by said Leaming, and delivered to plaintiff; and, also, on the 15th day of January, 1868, a similar order for two hundred and twenty-two dollars and thirty-three cents was drawn and ac-

cepted by the same parties. Copies of each of which are filed with the complaint. Which orders were received by plaintiff as an acknowledgment of the amount of the indebtedness by the railroad company to that date, and for no other purpose or effect whatever; that the amount of said account, to wit, the sum of four hundred and seven dollars and sixty-three cents, with interest thereon from January 15th, 1868, is due and wholly unpaid; wherefore, etc.

The orders, copies of which are filed with the complaint, are as follows:

"$185.30.                                January 14th, 1868.

"Mr. E. H. Scott:—You will please pay to the order of E. West one hundred and eighty-five dollars and thirty cents out of any money that may accrue to me out of a final settlement, or from monthly estimates after the laborers are paid.                                Maurice Quinn.

"Charged to C., C., & L. Railroad Company.

"Accepted on the within conditions.    E. H. Leaming."

"$222.33.                    Peru, Ind., January 15th, 1868.

"Mr. E. H. Scott:—You will please pay to the order of E. West two hundred and twenty-two dollars and thirty-three cents, amount due him from 1st of January to 15th of January, 1868, and charge. Yours,    Maurice Quinn.

"Charged to C., C., & L. Railroad Company.

"Accepted after laborers are paid, if any means due Quinn.
                                "E. H. Leaming."

The defendant demurred to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action; its demurrer was overruled, and it excepted.

It then moved the court to strike out of the complaint all that relates to the giving of the orders, and that they were not received in payment of the claim for the goods sold; also, to strike out certain items from the bill of particulars filed with the complaint; which motion was overruled, and the defendant excepted, but filed no bill of exceptions.

The defendant then answered in three paragraphs; first, the general denial; and, second, as to one hundred and eighty-

five dollars and thirty cents of the sum claimed, that the railroad company was not, on the 14th day of January, 1868, nor since, indebted to Maurice Quinn in that or any other amount, on final settlement or from monthly estimates, after laborers who were working for him were paid; wherefore, etc.; third, as to two hundred and twenty-two dollars and thirty-three cents of the amount claimed, the railroad company was not, on the 15th day of January, 1868, nor since, indebted to Maurice Quinn in said sum, nor in any other sum, after the payment of laborers who worked for said Quinn, and that the defendant did not promise or agree to pay said sum or any part of it otherwise than is stated in said order for that amount; wherefore, etc.

The plaintiff demurred, separately, to the second and third paragraphs of the answer, for the reason that they did not state facts sufficient to constitute a defence. His demurrers were sustained, and the defendant excepted.

There was then a trial by jury, verdict for the plaintiff for four hundred and sixty-two dollars, motion for a new trial by the defendant overruled, and judgment on the verdict.

The motion for a new trial was for the reasons, "first, the verdict of the jury is contrary to the evidence; second, the verdict of the jury is contrary to the law and the evidence; third, error of law occurring at the trial, and excepted to by the defendant at the time; fourth, the court erred in the admission of testimony offered by the plaintiff, and objected to by the defendant; fifth, the court erred in sustaining the demurrer of the plaintiff to the second paragraph of the defendant's answer; sixth, the court erred in sustaining the demurrer of the plaintiff to the third paragraph of the defendant's answer; seventh, the court erred in its instructions to the jury."

All the evidence is set out in the bill of exceptions, but there are no instructions in the record.

The appellant has assigned the following errors: first, the overruling of the demurrer to the complaint; second, the overruling of the motion to strike out parts of the com-

plaint; third, sustaining the plaintiff's demurrer to the second paragraph of the defendant's answer; fourth, sustaining the demurrer of the plaintiff to the third paragraph of the defendant's answer; fifth, in admitting illegal testimony offered by the plaintiff, and objected to by the defendant; *sixth,* in refusing to grant a new trial.

We see no valid objection to the complaint. It is true that it might have gone on the ground of goods sold and delivered, and when the orders were pleaded as payment, the plaintiff might have replied, avoiding or denying that they were received in payment. The facts would then have appeared in the record substantially as they are set out in the complaint. Although it is unusual, we see no reason why the plaintiff may not anticipate, in his complaint, the defence which he apprehends the defendant will rely upon, and avoid or deny it.

The motion to strike out presents no question, for the reason that the point was not reserved by a bill of exceptions. *Swinney* v. *Nave,* 22 Ind. 178.

The matter set up in the second paragraph of the answer was not a defence to the claim for goods sold and delivered. If the company agreed to pay for the goods furnished to the sub-contractor, it was immaterial whether the company was indebted to him or not. Had the suit been on the orders, such an answer would have raised a material question.

The third paragraph of the answer is a good defence to the part to which it is pleaded, because it not only alleges that the company was not indebted to Quinn, so as to make it liable to pay the order, but it also alleges that the company "did not promise or agree to pay said sum, or any part of it, otherwise than as is stated in the order." The demurrer to this paragraph should have been overruled. But this error cannot reverse the judgment, for the reason that the general denial, which was filed, put the same matter in issue, and under this issue the same evidence was admissible as would have been admissible under the third paragraph of the answer. *Harrison* v. *Bryant,* 5 Ind. 160.

The only objection which we find in the record to any evidence offered by the plaintiff is this: When Mr. Neff was testifying on behalf of the plaintiff, he stated, "that about the date of the above orders, in a conversation between the witness and Mr. Leaming, in relation to the goods got by Quinn, Leaming said they wanted to get rid of him (Quinn), and that the orders were drawn up and accepted by Leaming in their present form, at the instance of Leaming, and for the accommodation of the company." The defendant did object to this statement, "explaining said orders," as the bill of exceptions says, and, the court having overruled the objection, the defendant excepted. This evidence was admitted, we presume, in support of the allegation of the complaint, that the orders were given for the convenience of the company or its officers, and not in extinguishment of the claim for goods sold. For this purpose we think it was admissible. Whether the orders were received as payment of the claim for goods sold, or for some other purpose, was a question of fact for the jury. The evidence was not to contradict, nor did it contradict, the orders. An order or bill of exchange drawn by a person on himself may be regarded as his promissory note, and may be declared upon and treated as such, and this rule is applied to corporations, when an order has been drawn by one officer thereof on another. *The Marion and Mississinewa Railroad Co.* v. *Hodge*, 9 Ind. 163. Let it be supposed, then, that the orders in question are to be treated as the promissory notes of the railroad company, what is the effect of the receiving of them by the plaintiff? It seems to be the law, that the giving of the debtor's promissory note for a precedent debt is not an extinguishment or satisfaction of the pre-existent debt. At all events, it may be shown by evidence whether it was or was not received as such. 2 Greenl. Ev., sec. 521; 2 Am. L. Cas. 242. If the orders were received by the plaintiff, neither as absolute nor conditional payment of the pre-existent debt for the goods sold, but only for the convenience of the company, we do not see any objection to the proof of the fact. The

plaintiff had taken upon himself the proof of it by alleging the giving of the orders, and stating the reason for so doing. It was one of the facts in the case, and we think the court committed no error in allowing proof of it. The only objection to the evidence was, that it contradicted the written orders, and we hold that it was not objectionable on this ground. This is all that we decide on this point.

The last question is as to the correctness of the ruling of the court in refusing to grant a new trial on the motion of the defendant, on the ground of the insufficiency of the evidence to justify the verdict of the jury. We cannot reverse the judgment on this ground.

The judgment is affirmed, with costs.

*N. O. Ross* and *R. P. Effinger*, for appellant.

*J. L. Farrar* and *L. Walker*, for appellee.