JULIUS KING OPTICAL COMPANY v. JOHN E. TREAT.

*Sale—Credit—Burden of proof—Evidence—Notice to produce letters.*

1. Where the fact of a sale of goods was not disputed, but the controversy was as to its terms, the testimony of the agent who made the sale that he sold the goods to the defendant for a price named is not incompetent as stating a conclusion of law.

2. A notice to produce letters to be used as evidence on a trial, which are in the possession of the client in another state, and to procure which required that they be forwarded by the next mail after the receipt of telegram to mail them, is unreasonably short.

3. A question calculated to raise improbabilities in favor of the party asking it is proper.

4. In a case involving a sale of goods claimed by the defendant to have been made on time, which was denied by the plaintiff, evidence of the financial standing of the defendant at or about the time of the sale is admissible.

5. Where a letter written by the defendant to the plaintiff, and relating to the subject-matter of the suit, is offered in evidence by the plaintiff, upon which appears an unsigned memorandum not so relating, and not written by the defendant, and the author or purpose of which does not appear, the memorandum is no part of the letter, and immaterial as evidence in the case.

6. Where the sale and delivery of goods is undisputed, but the contest is over the terms, the vendor claiming it to have been for cash and the vendee upon credit, proof of such sale and delivery raises a presumption that the sale was for cash, and the burden is upon the vendee to establish the contrary.

Error to St. Joseph. (Loveridge, J.) Argued October 3, 1888. Decided November 28, 1888.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*S. M. Constantine* (*W. G. Howard,* of counsel), for appellants.

*H. O. Bliss* and *Dallas Boudeman,* for defendant.

SHERWOOD, C. J. This action is *assumpsit,* commenced by attachment on the ground of fraud in the sale of a bill of goods by the plaintiffs to the defendant. The cause was tried by jury, and the defendant had judgment in his favor. Defendant claimed that he bought the bill of goods on four months' time, and the plaintiffs claimed they were sold for cash; that the goods were sold to defendant on March 15, 1887; and that the bill thereof amounted to $419.40.

Upon the trial the agent who sold the goods, when upon the stand, testified that he sold them to the defendant for the price named. This testimony was stricken out by the court, on motion of defendant's counsel, as being no statement of fact, but a conclusion of law.

The testimony should have been allowed to stand. The sale was not contested. The terms thereof were the principal question in controversy. Very many statements of facts involve questions of law, and when the conclusion involves all the facts sought, and necessarily follows therefrom, then such question is proper, as in this case.

The statement of the plaintiffs' agent that the defendant selected the goods from the samples shown was unobjectionable, and should have been admitted when offered by plaintiffs' witness.

The plaintiffs' third objection is without merit, and was properly overruled. It was immaterial how the bill of goods ordered in the present case compared with other orders previously made by the defendant, and the ruling to that effect was correct.

The fourth objection related to the written order which was made for the goods; but the record shows no ruling upon the objection, and we therefore cannot consider it.

Under the fifth objection it does not appear what the counsel wished or desired to show by the witness. Until this appeared the court was not advised of its competency

or relevancy, and it was therefore immaterial what the desire of the witness was in the matter. There was no error in this ruling.[1]

The sixth alleged error is that the defendant's attorney, after the plaintiffs rested, offered to introduce in evidence copies of certain letters, upon the claim that they were material, and that he had demanded the originals, and given the plaintiffs a reasonable length of time to produce them. The copies were objected to on the ground that the notice to produce the originals was too indefinite, and that reasonable time for their production had not been given. It appears from the record that there was but bare time enough to produce them from Ohio, where they were, in the next mail, after being called for by telegram. While I think the notice was not sufficiently definite, it calling for all the letters which passed between the parties, or their agents, between certain dates, relating to the matter of the sale of the goods, still, if this were not so, the time was unreasonably short, and the copies should have been excluded; but as the contents of the copies of the letters nowhere appear in the record, we are unable to say prejudicial error was committed in receiving them. It certainly is not shown, and therefore we are not required to take notice of it.

The seventh and eighth objections have been considered in discussing the other errors assigned.

The ninth error alleged was not discussed on the argument before us, and need not be further mentioned here.

The plaintiffs' tenth assignment is on the objection to the following question propounded to the defendant when upon the stand:

---

[1] The question objected to was, "Is there anything you wish to state as to what his brother said to you, in his presence, about these goods?"

" When did you buy as large an order before?"

The objection was immateriality and irrelevancy, and was sustained. It was claimed by plaintiffs' counsel that the purchase of so large an order on time, by a dealer in so small a town as Three Rivers, when his stock was not worth over $3,000, was highly improbable, and that the evidence was proper to go to the jury. The question was one calculated to raise improbabilities in favor of the plaintiffs, and should have been received.

The plaintiffs offered to show the financial condition of the defendant at or about the time the goods were sold to him, as bearing upon the improbabilities of giving time upon the purchase of the bill of goods in question, and the testimony was refused. We think it should have been allowed. Sales are not usually made to irresponsible parties on long time, and the tendency of the testimony was for the plaintiff.

The thirteenth assignment of error was not well taken. The question asks what the defendant expected or would expect under certain circumstances in regard to plaintiffs giving time on the order. The question was immaterial. What the defendant did and said in regard to this matter was important, but what he thought about it was of little consequence one way or the other.

The fourteenth and fifteenth assignments were not argued, and are unimportant.

The plaintiffs introduced in evidence a letter from defendant to plaintiffs, dated February 7, 1887. Upon the margin of this letter was a memorandum, reading: " I think you can catch this man at any time." This was not written by defendant, and nobody appears to know by whom it was written, or by whose direction, and there was no proof of the purpose. Defendant offered it in evidence. The plaintiffs' counsel objected to it as immaterial. It was no part of the letter, and was clearly

subject to the objection made. Its use as evidence was mischievous.

The seventeenth assignment has already been sufficiently considered, and the eighteenth was not argued.

The nineteenth assignment of error is to the charge of the court, to the effect that the bill for the goods was due when suit was commenced, and that this fact must be found by a preponderance of the proofs. So far as related to the proofs made by witnesses before the jury this charge was erroneous. The sale and delivery of the goods were substantially admitted by the defendant. The terms of payment were alone controverted. The proof of sale and delivery raised, the presumption that the sale was for cash, and the burden was upon the defendant to show that the terms were otherwise, and the jury should have been so informed by the court, and, if the defendant failed to show the terms otherwise, the plaintiff should have recovered.

Further consideration of the case is unnecessary. For the errors pointed out the judgment must be reversed, and new trial granted.

The other Justices concurred.