Allen v. Rushfort.

---

CORA ALLEN V. ARTHUR H. RUSHFORT.

FILED DECEMBER 21, 1904.   No. 13,674.

1. Contract: LIEN: WAIVER. Where a written contract of sale is made of an entire crop of standing hay at an agreed price per ton, part payment is made, and the purchaser takes possession of the crop, cuts and stacks it, and bales and carries away part of it, the title to the crop passes to him. The fact that the contract provides that the hay is to be paid for before taken from the farm merely gives a lien on the hay for the unpaid purchase money, which may be waived by the seller.

2. Action: ERROR. Under the pleadings and evidence in this case, held, that the seller waived her lien; that an action for the contract price was properly brought, and that the case should have been submitted to the jury.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Reversed.

Weaver & Giller, for plaintiff in error.

P. A. Wells, contra.

Letton, C.

This is an action for the purchase price of a certain crop of timothy hay which it is claimed was sold to the defendant under the following contract of sale: "This agreement, made this 30th day of June, 1902, between Cora Allen and A. H. Rushfort of Omaha, Witnesseth, that the first party has sold to the second party the crop of timothy hay now growing on the northwest quarter of the southeast quarter of section 17, town 16, range 10, for $4.50 per ton net to first party; the hay to be paid for before taken from the farm. The first party has paid $50 cash to bind the bargain. Signed, Cora Allen, Arthur H. Rushfort. Witness, J. W. Kennedy." The petition alleges that when the crop matured the defendant cut and harvested the hay, stacked it upon the land, and subsequently baled a part of it and removed it, but refuses to pay for it. It is further alleged that the crop weighed 100 tons; that it was of the value of $450; that the defendant paid $50 upon the purchase price, and that he has refused to take the balance of the hay, and refused to pay the balance of the price. The defendant admitted the execution of the contract, but alleged that there was a contemporaneous oral agreement by which the hay mentioned should be weighed upon scales situated upon the premises of the plaintiff's mother; that he cut and stacked the hay and took 30,300 pounds, which was weighed upon said scales; that in weighing of the hay the plaintiff fraudulently manipulated the scales so that they did not correctly weigh the hay; that when he complained of this, the plaintiff refused to permit the hay to be weighed on any other scales or to permit the defendant to take any more hay unless weighed upon these scales, and the weights thereby indicated accepted as the correct weights of the hay. He alleges that by this fraud he was prevented by the plaintiff from the further performance of the contract. He further sets out a counterclaim for labor in the harvesting and stacking of 50 tons of hay, which he al-

leges remains on the premises, and for loss of profits occasioned by the plaintiff's preventing him from removing the said 50 tons of hay. The reply was a general denial. At the trial, upon the conclusion of the plaintiff's evidence, the court upon the defendant's motion instructed the jury to return a verdict in favor of the defendant, which was done, and the plaintiff's action was dismissed. From this action of the court the plaintiff has prosecuted error.

The evidence is substantially to the effect that, after the execution of the written contract, the defendant went upon the plaintiff's premises and cut and stacked the hay. After it had been standing in stack about 30 days he took a haypress to the land, and worked at pressing the hay for over a week. He then hauled part of it to the railroad station at Valley for shipment. After he had taken six loads away he told the plaintiff he had taken about 15 tons, while she claimed that about 24 tons had been taken. He then complained about the scales being incorrect, and plaintiff told him not to stop on that account; that he could weigh the hay at Valley at Mr. Whitmore's scales, and she would take Whitmore's word for it. The plaintiff went to see him at Valley, and told him she wanted pay for it. He offered to pay for 21 tons, and upon the plaintiff asking him to put the money in the bank at Valley, he put $50 in the bank. The next morning he went to the farm to get the machine, and refused to take any more hay. After that, in South Omaha, the plaintiff asked him if he would release the contract and pay for one carload, which he refused to do. It will be seen that the plaintiff proved the execution of the contract and a payment upon the same, the cutting and stacking of the hay by the defendant, his removal of a part of the same, and a refusal upon his part to take and pay for the remainder which he had stacked, the only reason being that he was dissatisfied with the weight as given by her scales, but that she told him she would accept the weight from Whitmore's scales or the railroad scales at Valley.

The defendant argues that the petition does not state

a cause of action, and that the evidence failed to prove a cause of action and would not support a verdict. As to the first ground, we think the petition is sufficient. It sets up the contract for the sale of the entire crop, the price, part payment upon the same, the acceptance and removal of a portion of the crop, the number of tons in the crop and the failure to pay for the same. We do not see what is lacking in this petition.

As to the second ground, it is contended that the evidence shows that the contract is executory only. The contract recites that the plaintiff has sold to the defendant the crop of timothy hay, specifies the price and the time of payment, and recites that $50 has been paid upon the same. Further than this, the evidence shows that the defendant took actual and manual possession of the property sold. He expended time and labor upon the same, and changed its condition from that of standing grass to dry hay in stack. The only thing that remained to be done was to ascertain how much the whole crop weighed, and pay the balance of the price. The defendant argues that under such a contract the title did not pass until payment was made. A part payment had been made, however, and subsequently the plaintiff parted with her control over the grass, and the defendant took possession of it, the plaintiff reserving only a right to receive the remaining purchase price upon the removal of the property from her land. The rule contended for by the defendant, that where specific goods are to be weighed, measured or tested, if this is necessary to fix the aggregate sum to be paid, title will not pass until this is done, does not apply where a sale is made of an entire mass, such as in the instant case, but does apply to circumstances where a certain fixed amount is to be separated from a mass; the reason being that in the one case the identity of the goods cannot be ascertained until their separation, but in the other there is no question of identity. The distinction is properly stated in Benjamin, Sales (7th ed.), sec. 346: "The distinction in all these cases does not depend so much upon

what is to be done *as upon the object which is to be effected by it.* If that is specification, the property is not changed; if it is merely to ascertain the total value at designated rates the change of the title is effected." In the instant case the crop of hay was appropriated to the defendant by the contract. He agreed to take it and pay the stipulated price. He paid part of the price, reduced the crop to his own possession, and became entitled to remove the same from the premises as soon as he paid the price for the remainder. The provision as to retention of possession gave the plaintiff a lien on the property, as between her and the defendant, until it was paid for, but she might waive her lien, and the evidence shows that she did waive it by giving him permission to remove the hay and weigh it elsewhere as soon as he complained of her scales. The intention of the parties evidently was to transfer the title to the grass at the time the contract was signed and the $50 paid, subject to the lien provided in the contract, and the court will construe the contract in accordance with their intention and with their subsequent conduct.

For these reasons, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.