THOMAS BAKER V. PETER A. MCDONALD.

FILED OCTOBER 5, 1905.    No. 13,892.

1. **Sales:** WHEN COMPLETE. The general rule is that, when the terms of sale of personal property have been ageed on and the bargain is struck, and everything the seller has to do with the goods

is complete, the contract of sale becomes absolute as between the parties without actual payment or delivery, and the property and the risk of accident to the goods vest in the buyer.

2. ——: POSSESSION, RIGHT TO. Where the time of payment is not fixed by the contract of sale, the law presumes a cash sale, and, while title may have passed to the buyer, he is not entitled to possession until the full purchase price has been paid or tendered.

3. ——: ——: FRAUD. Where the amount to be paid is to be determined by measurement of the property to be made by the parties, a measurement which is grossly unfair, as the result of fraud or mistake, is not binding, and a tender based thereon does not entitle the purchaser to possession.

4. ——: REPLEVIN: RESCISSION. Where the property has been set apart and identified, and title vested in the purchaser, who has paid part of the purchase price, but because of fraud or mistake in the measurement his tender of the balance due is not sufficient in amount, the seller may recover possession of the property from the purchaser by an action in replevin on the ground of special ownership and right of possession, but he cannot maintain such action under the claim of absolute ownership without rescinding the contract of sale and tendering back the amount paid.

ERROR to the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. Reversed.

John P. Breen and C. E. Abbott, for plaintiff in error.

R. J. Stinson, H. C. Maynard and George L. Loomis, contra.

DUFFIE, C.

McDonald brought this action in replevin to recover from Baker certain hay of which he claims to be the absolute owner. On a trial to the court without a jury, judgment went in his favor, and Baker has brought the case here on error.

The parties entered into a contract relating to the hay in question and signed the following memorandum:

"FREMONT, NEB., Oct. 9, 1902.

"This day I have sold to Thomas Baker thirty stacks of hay at $2.75 per ton in the stack, for which I have re-

ceived $100. The hay is to be measured in the stack. This hay is to be moved off the ground before March 1, 1903.

"THOMAS BAKER.<br>"P. A. McDONALD."

There were more than 30 stacks in the field at the time the contract was made, and the particular stacks which Baker was to have were not set apart or designated, but it was understood that Baker might select them from the whole number in the field. Sometime after the contract was made, and before the hay was measured, Baker, at the request of McDonald, made a further payment of $200, making $300 paid on the contract price. Baker was unable to be present in person when the hay was measured, but was represented by a man of his own selection, who participated in that part of the transaction. The measurement was made of 31 stacks instead of 30, but of this no complaint is made by Baker. Baker took the figures of the measurements with him to Omaha and, after some delay, made a computation and found, as he claims, that the stacks contained 112 tons and a fraction. He then wrote the plaintiff, giving the measurements and result of his computation, and inclosing his check for $8.40 as the balance due on the hay according to his measurements and computation. McDonald immediately returned the check, with a letter to the effect that he was not satisfied with the measurements. On receipt of this letter, Baker answered, saying that, if McDonald was not satisfied with the measurements, he could return the $300 and have the hay. In the meantime Baker had commenced to bale the hay, and had shipped about 14 tons of it to Omaha. On receipt of Baker's last letter, McDonald went to the field where the hay was stacked, notified Baker's men not to press or ship any more of it, and then brought this action to recover possession of the hay, alleging that he was the absolute owner thereof.

The case was brought and tried on the theory that there was fraud or mistake in the measurement of the hay, and

that, instead of 112 tons, as claimed by Baker, there were in fact 140 tons. As the evidence supports the claim of McDonald that the stacks contained about 140 tons, the questions involved will have to be considered upon the theory that McDonald's claim of fraud or mistake in the measurement has been established. That McDonald was entitled to the possession of the hay until paid the purchase price is not a question open to dispute. The written memorandum of contract, as well as the contract itself, so far as appears from the oral evidence in the record, are silent as to the time of payment of the price of hay. The law, therefore, presumes a cash sale, that is, that payment and delivery were to be concurrent. Consequently, Baker was entitled to possession only upon payment in full or tender of the agreed price, unless there was a waiver of such payment by McDonald, and such waiver is not to be presumed by Baker's selection of the stacks that were to become his under the contract. McDonald replevied upon the ground of absolute ownership, and his right to recover depends upon the question of whether he had title to the hay when the action was commenced, or whether such title was in Baker. As before stated, McDonald undoubtedly had the right of possession until paid for the hay, but such right of possession, if title had passed to Baker, could not support his claim of absolute ownership, and would not allow evidence in support of his petition. An allegation of general ownership in an action of replevin is not supported by proof of a mere lien or other special ownership. *Sharp v. Johnson,* 44 Neb. 165, and cases cited in 2 Page's Digest, p. 1,815.

The material question to be determined, then, is, who held title to the hay at the time this action was commenced? The modern doctrine undoubtedly is that neither delivery nor payment of the purchase money is generally requisite for vesting title to personal property in the buyer under a contract of sale, it being necessary only that the identical goods which are the subject of the contract should be ascertained and the price fixed. New-

mark, Sales, sec. 159, gives the rule in the following language: "When the terms of sale are agreed on, and the bargain is struck, and everything the seller has to do with the goods is complete, the contract of sale becomes absolute as between the parties, without actual payment or delivery, and the property and the risk of accident to the goods vest in the buyer." 2 Schouler, Personal Property (3d ed.), sec. 243, is as follows: "Where specific chattels are embraced under a contract of immediate sale, and nothing remains to be done to them, the presumed intent of the parties is, that the right of property shall become transferred to the buyer and vest in him, immediately upon completion of the bargain by mutual assent. And even though the seller subsequently continue in possession of the goods, the presumption remains the same as between the parties; his possession being that of a bailee, with a right to recover his price."

When the contract for the sale of this hay was made between the parties, title did not then vest in Baker, because the stacks were thereafter to be selected by him; but, when his selection was made and the hay definitely ascertained and measured, then he became vested with the title and took all the risk of ownership. Had the hay been burned or otherwise destroyed, Baker, instead of McDonald, would have sustained the loss; and there can be no question that McDonald, immediately after the selection and measurement, might have sustained an action against Baker to recover the balance of the purchase price, and this on the theory that the title had passed. *Allen v. Rushfort,* 72 Neb. 907; *Barker v. Davies,* 47 Neb. 78. Had McDonald brought this action, claiming a special interest in the hay, there is no doubt that, upon proof of fraud or mistake in the measurement made, he would be entitled to a judgment giving him possession and determining the extent of his interest. His claim is that by a fraudulent or mistaken measurement it is sought to deprive him of about 28 tons of hay, of the value of $77. Had his action been brought upon this theory, Baker could have tendered

the amount, with costs, and retained possession of the hay, or, after the trial, could have paid the judgment given by the court, and both parties would have their full due—Baker the hay, and McDonald his money. Under the judgment appealed from, McDonald has $300 of Baker's money and is found to be the absolute owner of the hay, in part payment of which that money was given him. We have no doubt, under the circumstances of this case, that McDonald could not recover as absolute owner without rescinding the contract of sale and tendering back the $300 received on the purchase. His action, if he desired to replevy the hay, instead of suing for the amount due him, should have been for possession as the owner of a special interest in the hay, and not as the unqualified owner.

We recommend that the judgment be reversed and the cause remanded.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.