CHAMPLIN BROTHERS, APPELLANT, V. JOSEPH SPERLING, ADMINISTRATOR, ET AL., APPELLEES.

FILED JUNE 11, 1909.  No. 15,728.

1. **Parties.** Parties who are severally liable upon a written contract may be impleaded in one action thereon, although none of the defendants are liable to plaintiff upon more than one item in said contract.

2. **Sales: CONTRACT: ENFORCEMENT.** If parties competent to contract sign a written agreement, by the terms of which one agrees to sell the other, for a specified price, a definitely described and segregated chattel, and the other party agrees to pay the stated price, the vendor, after delivery or tender of the property, may maintain an action for the purchase price, even though the vendee before such tender refuses to pay therefor.

3. **Sales: DELIVERY.** If the vendees by the terms of a contract become joint owners or tenants in common of a chattel and agree that it may be delivered by the vendor to one of them, delivery to one vendee will be delivery to all.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed.*

*O. A. Williams,* for appellant.

*C. H. Kelsey* and *E. D. Kilbourn, contra.*

ROOT, J.

Plaintiff, a partnership, in November, 1904, entered into a contract with defendants Dalheim, Jaschke, Johnson, and Sperling's intestate, together with six other individuals. The agreement was signed by all parties thereto, and is as follows: "Capital stock, $3,000. Number of Shares, 10. State of Nebraska, Antelope county, Nov. 9, 1904. Champlin Bros., of Clinton, Iowa, agree to sell the imported French coach stallion to the undersigned subscribers, other than themselves, who wishing to improve their stock hereby promise to pay to Champlin Bros., or order, the sum of $3,000, the price of said

stallion, the same being 10 shares at $300 per share of the purchase price of the imported stallion named Brocardo, and No. 3698, in cash, or one-third in one year, one-third in two years, and one-third in three years after July 1, 1905, in the joint and several negotiable notes of said subscribers with interest at 6 per cent. per annum, payable at Clinton, Iowa. Said horse to be delivered to one of the undersigned at the county of Antelope. In the event all stock is not subscribed for, this agreement is void."

Plaintiff alleges that it duly delivered said horse to Stoner, one of the vendees; that it had fully performed its part of said contract; that six of the ten signers had paid their obligations to plaintiff, but that defendants had refused and still refuse to either pay cash or execute their notes as required by said agreement, whereby plaintiff had been damaged, etc. Plaintiff prays for a several judgment of $300 against each of the four defendants. Defendants demurred because of the alleged misjoinder of parties, and because the petition did not state facts sufficient to constitute a cause of action against them. The demurrer was overruled. Defendants then answered, and alleged that the six vendees who were not sued had paid the purchase price of said horse; that there is a misjoinder of defendants, and various other defenses were interposed. All affirmative defenses were denied in the replies. At the close of plaintiff's evidence the court instructed the jury to find for defendants, and from a judgment entered on that verdict plaintiff appeals.

1. Defendants have not favored us with a brief or oral arguments. The suit is brought by plaintiff as a partnership. The petition discloses that it is doing business in Clinton, Iowa, and there is no allegation that it was formed for the purpose of carrying on any trade or business or of holding any species of property in Nebraska. There is nothing in the record to indicate that objection was made by defendants to plaintiff's lack of capacity to sue, and we shall treat the record as though defend-

ants had waived the provisions of section 24 of the code. If timely objections had been made by defendants, plaintiff's right to a reversal would be doubtful, regardless of the errors occurring in the trial of the case.

Defendants allege that there is a misjoinder of defendants. Plaintiff treats the obligation of the defendants as several, and, accepting this construction of the agreement of the parties, which we think is possible, the liability, although several, arises as to all of the defendants upon the same contract. The transaction therefore is within the meaning of section 44 of the code, which provides: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action at the option of the plaintiff." The purpose of this section of the code is to simplify litigation and prevent a multiplicity of suits for a breach of the same contract, and the case at bar is an excellent example of the wisdom of the statute. *Costigan v. Lunt,* 104 Mass. 217; *Wilde & Co. v. Haycraft,* 2 Duv. (Ky.) 309. The motion to direct a verdict was therefore not proper upon the ground of a misjoinder of parties defendant.

2. The statements of counsel, made at the close of the evidence and contained in the record, indicate that possibly the learned trial court was of opinion that defendants herein had rescinded the contract; that plaintiff had failed to prove any damages resulting therefrom, and therefore was not entitled to recover. The evidence discloses that plaintiff's agent, Miller, solicited signatures to the contract in suit; that, as soon as the tenth man had signed, notice was given all of said vendees to come to Neligh and organize a company or association. All of the signers appeared, but they did not organize. Six of the ten purchasers signed three notes for $1,000 each, but the agent Miller, at said time, delivered to them a written statement that they were not liable for four-tenths of the purchase price of said horse. The four who refused to give their notes were told by Miller that, under

the contract, if the notes were not executed they must pay cash. No payment was made, but the contract was not repudiated. Miller then delivered the horse to Stoner, one of said vendees, and, while the evidence is not clear concerning the disposition made of said animal, the record indicates that the horse was retained by Stoner and possibly by the five men who with him had paid their obligations to plaintiff. As we are advised, we are of opinion that, in the absence of fraud practiced to secure the signatures to the contract, if the vendees were competent to transact that business, the moment the tenth signature was attached to the agreement, the plaintiff, upon delivery of the horse or tender thereof to the purchasers, could maintain an action to recover the purchase price. *Baker v. McDonald,* 74 Neb. 595; 2 Mechem, Sales, secs. 1667, 1668. Although the liability of the purchasers to pay was several, their title to the horse was that of tenants in common, and delivery to one of them was a delivery to all. *Adler v. Wagner,* 47 Mo. App. 25. The vendor's right to retain possession of the chattel until the consideration was paid, or payment secured, was waived when the horse was delivered to Stoner, and defendants are liable upon their contract with plaintiff.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.