# C. H. STARKE v. A. R. STEWART.

(157 N. W. 302.)

**Evidence — offered as a whole — part inadmissible — separation — court not required to make — whole may be rejected — competent parts — admitted — discretion.**

1. Where evidence is offered as a whole, and a part of it is inadmissible, the court is not required to separate the admissible from the inadmissible, but may properly reject the whole, although it may in its discretion admit such parts as are competent and reject such parts as are incompetent.

**Account for goods sold — action on — complaint — allegations — denials in answer — issues — burden of proof — on plaintiff — essential facts.**

2. In an action to recover upon an account for the value of goods sold, where- . in the allegations of the complaint are all put in issue by denials in the answer, the plaintiff has the burden of proof and must prove every allegation in his complaint essential to his cause of action.

Opinion filed March 13, 1916.

From a judgment of the District Court of Stark County, *Crawford, J.,* plaintiff appeals.

Affirmed.

*T. F. Murtha,* for appellant.

The testimony of defendant himself proved the account upon which suit is brought, and made a prima facie case. As to payment, the burden of proof shifted to defendant. Second Nat. Bank v. First Nat. Bank, 8 N. D. 53, 76 N. W. 504.

The defense of payment must be specifically pleaded, and the burden is on defendant to prove it. Lokken v. Miller, 9 N. D. 513, 84 N. W. 368; Satterlund v. Beal, 12 N. D. 123, 95 N. W. 518.

*F. C. Heffron* and *L. A. Simpson,* for respondent.

Books of account when offered and attempted to be used as evidence upon a trial must be fully identified and shown to have been kept by the party offering them, or by someone authorized to keep them, and their correctness must be established. Comp. Laws 1913, § 7909.

In the absence of a contrary showing, all sales are cash sales. Baker v. McDonald, 74 Neb. 595, 1 L.R.A.(N.S.) 474, 104 N. W. 923; Pratt v. S. Freeman & Sons Mfg. Co. 115 Wis. 648, 92 N. W. 368.

No motion for a directed verdict having been made, no court could direct one. Comp. Laws 1913, § 7643; Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254.

Champerty is generally an equitable issue, and as such should have been tried and determined prior to the legal issues. Estrada v. Murphy, 19 Cal. 248; Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 236.

CHRISTIANSON, J. This is an appeal from a judgment of the district court of Stark county. Plaintiff's complaint is as follows: "The plaintiff complains and alleges:

"1. That between the 1st day of August A. D. 1909, and the 30th day of August A. D. 1909, the Missouri Slope Brick & Tile Company, a corporation, sold and delivered to the defendant goods, wares, and merchandise of the reasonable value of and for which the defendant promised to pay the sum of $130.93.

"2. That no part of said sum has been paid except the sum of $20.

"3. That thereafter one E. A. Lillibridge was appointed receiver of said Missouri Slope Brick & Tile Company and duly qualified as such.

"4. That on the 2d day of April A. D. 1913, E. A. Lillibridge, Receiver of the Missouri Slope Brick & Tile Company, pursuant to the order of the district court for Stark county, North Dakota, sold and assigned to the plaintiff, C. H. Starke, the account of said Missouri Slope Brick & Tile Company against the defendant.

"5. That the plaintiff is now the owner thereof.

"Wherefore, plaintiff prays judgment for $120.93, with interest thereon since the 30th day of August A. D. 1909, at the rate of 7 per cent per annum and for his costs and disbursements herein." Defendant's answer put in issue every allegation of the complaint. The case was tried to a jury. At the close of plaintiff's case, defendant moved for a directed verdict. The motion was granted. Judgment was entered pursuant to the verdict, and plaintiff appeals from the judgment.

Upon the trial, plaintiff sought to introduce in evidence certain books of account. The books so offered were in all five in number. Two of the books purported to have been kept by the receiver, the other three purported to be books of account of the Missouri Brick & Tile Com-

pany. In order to lay a foundation for the introduction of such books, one Lillibridge, the former receiver of the corporation, and one Elliott, his bookkeeper, were sworn and testified. The evidence showed that the receiver was appointed about August 18, 1910, or about a year after the alleged accrual of the account involved in this lawsuit. So far as the purported books of the receiver were concerned, it is conceded that all entries therein were made subsequent to August 18, 1910, and, hence, they necessarily could not contain any original entries of the alleged account against defendant.

On his direct examination, Elliott, the bookkeeper, testified:

Q. And I will now ask you, were those original entries or was the journal entry made from some other book or books?

A. These journal entries were made from the books of the Missouri Slope Brick & Tile Company. *They were taken from the balances of the Missouri Slope Brick & Tile Company.*

Q. As I understand you you took the balances shown by the Missouri Slope Brick & Tile Company's books, and carried them over into the books of the receiver of the Missouri Slope Brick & Tile Company?

Counsel for defendant: We object to that as incompetent, irrelevant, and immaterial, no proper foundation has been laid for the introduction of Missouri Slope Brick & Tile Company's books.

The Court: Overruled.

A. Took the balances of the Missouri Slope Brick & Tile Company and carried them over to the receiver's books.

The receiver testified that he had no personal knowledge regarding the correctness of the account; that he never brought suit thereon, although he was aware of the fact while he was acting as receiver, that Stewart owned real property in Stark county which would have been subject to attachment in a suit upon this claim. There is no contention that Stewart in any manner recognized the validity of the account while it was in the receiver's hands.

The plaintiff seems to be under the impression that when the balances shown on the books of the Missouri Brick & Tile Company were transcribed to, and entered upon, the books of the receiver that such entries thereby became original entries, and that such account thereby became transformed into an account in favor of the receiver, and that

the entries in the receiver's books, therefore, were competent evidence tending to show an account in favor of such receiver and against the defendant.

Under the laws of this state, "any entries in a book or other permanent form, in the usual course of business, *contemporaneous with the transactions to which they relate and as a part of or connected with such transactions,* made by persons authorized to make the same, may be received in evidence when shown to have been so made upon the testimony either of the person who made the same, or if he be beyond the reach of a subpœna of the trial court or insane, of any person having custody of the entries and testifying that the same were made by a person or persons authorized to make them in whose handwriting they are, and that they are true and correct to the best of his knowledge and belief." (Comp. Laws 1913, § 7909.)

Jones (Jones, Ev. § 569) says: "In addition to the requirement that the entries in the book of account be made in the regular course of business, it is equally essential that they constitute the party's original entries or first permanent records of the transactions in question, in order to be admissible in evidence."

If the defendant owed the account in question, such indebtedness arose by virtue of transactions which took place in August, 1909. It seems clear that any entries made by the receiver with reference thereto a year thereafter would not be contemporaneous with the transaction. And it seems equally clear that the defendant could not be affected by any act or alleged determination of the receiver that such account was outstanding against the defendant. The entries in the receiver's books were inadmissible and were properly excluded by the court.

The purported books of account of the Missouri Brick & Tile Company were kept by one Colwell, the secretary and treasurer of the company. Colwell died shortly prior to the appointment of the receiver. Elliott, the bookkeeper, had absolutely nothing to do with the concern, until after Colwell's death. Lillibridge was a director prior to that time. Neither of them claimed any personal knowledge regarding the account in question, or any of the accounts of the company. Lillibridge testified that it was the custom of the company to use sales slips. He says: "We had a regular form of slips. They were in little pads, and they showed on there just what the sale was and who it was

made to." He further testified that he rather thinks the slips of the sale to defendant would have been made by Mr. Kipp, the then manager. Kipp was not called as a witness, or his absence accounted for. Nor was any other officer of the corporation called, except Lillibridge, who, as far as his testimony discloses, held no office except that of director. Not a single witness who testified for the plaintiff had the slightest personal knowledge of the transaction in question, or whether any such transaction ever occurred. And not a single witness testified that the books were "true and correct to the best of his knowledge and belief."

The plaintiff did not offer any of the books or entries separately, but the two books of the receiver and the three purported books of the Missouri Brick & Tile Company were offered jointly. We have already held that the receiver's books were inadmissible, and this of itself justified the trial court in rejecting the entire evidence offered. "Where evidence is offered as a whole, and part of it is inadmissible, the court may properly reject the whole. It is not the duty of the court to separate the admissible from the inadmissible evidence." (38 Cyc. 1335.)

Thompson (Thomp. Trials, 2d ed. § 678) says: "Where a tender of evidence is made to prove certain facts, some of which are admissible and others inadmissible, the offer is properly rejected as a whole; the court is not bound to separate it and admit such parts of it as are competent, although it may do so in its discretion." See also Fitch v. Martin, 84 Neb. 745, 122 N. W. 50; First Nat. Bank v. North, 2 S. D. 480, 51 N. W. 96; 3 C. J. § 736, p. 827.

The plaintiff, however, contends that he proved his cause of action by the testimony of the defendant, Stewart, who was called for cross-examination. The contention is untenable. The defendant stated that in 1909 he purchased some brick, lime, and wall ties from the Missouri Brick & Tile Company, and that the goods so purchased were delivered to him by the company. He also testified that the Brick Company was indebted to him prior to such purchase. Plaintiff carefully refrained from inquiring as to whether the purchase was for cash or on credit, or whether defendant had paid for the goods purchased by and delivered to him. The presumption is that it was a cash sale. 35 Cyc. 264; Elliott, Ev. § 2623; Pratt v. S. Freeman & Sons Mfg. Co. 115

Wis. 648, 92 N. W. 368; Baker v. McDonald, 74 Neb. 595, 1 L.R.A. (N.S.) 474, 104 N. W. 923; Julius King Optical Co. v. Treat, 72 Mich. 599, 40 N. W. 912. Plaintiff contends that the defendant had the burden of proving payment of the account sued upon, and has cited Second Nat. Bank v. First Nat. Bank, 8 N. D. 53, 76 N. W. 504; Lokken v. Miller, 9 N. D. 513, 84 N. W. 368; Satterlund v. Beal, 12 N. D. 123, 95 N. W. 518, in support of his contentions. The authorities cited by no means justify the construction for which plaintiff contends.

Second Nat. Bank v. First Nat. Bank was an action for wrongful conversion of personal property. But in discussing the questions involved in that case the court, in passing, said: "We recognize the rule that in actions upon contract for the recovery of money, where the making of the contract is admitted and the defendant relies upon payment as a defense, such defense must be specially pleaded."

In Lokken v. Miller, the sale and delivery of the goods was admitted, and the answer interposed only the defense of payment. In Satterlund v. Beal the making of the contract was also admitted, and the sole defense was a plea of payment. That is not the condition in the case at bar. In this case every element of plaintiff's cause of action is denied. Plaintiff, therefore, had the burden of proving the allegations of his complaint.

"As is the general rule in other civil actions, the burden of proof is on the party having the affirmative of the issue. Thus, in actions to recover the price or value of goods sold the burden is on plaintiff to prove the existence and validity of the contract of sale, and the terms thereof, the price or value, the delivery and acceptance of the goods, and the amount thereof, and his compliance with the contract, or a waiver of its provision by the buyer, and he has also the burden of proving that goods delivered or tendered complied with the contract." 35 Cyc. 564.

"In an action on an account, plaintiff's account is not in its nature self-proving. Until some testimony is produced tending to prove its correctness, plaintiff shows no right to a recovery, if the account is properly controverted, and it is not necessary for defendant to offer any evidence in defense. So plaintiff must prove every other allegation in his pleading essential to his cause of action." 1 C. J. 661. See

also 16 Enc. Pl. & Pr. 179; Pollak v. Winter, 173 Ala. 550, 55 So. 828; Tolerton & W. Co. v. Sult, ante, 283, 156 N. W. 939.

The plaintiff failed to establish the material allegations of his complaint, and the trial court properly instructed the jury to return a verdict in defendant's favor.

Judgment affirmed.