## O. SKOGNESS v. D. D. SEGER.

(160 N. W. 508.)

**Goods sold — action to recover price — proof — burden of — contract of sale
— validity — existence — terms — price or value — delivery — acceptance
— compliance with contract — waiver.**

In actions to recover the price or value of goods sold the burden is on plaintiff
to prove the existence and validity of the contract of sale, and the terms there-
of, the price or value, the delivery and acceptance, of the goods, and the amount
thereof, and his compliance with the contract, or a waiver of its provision by
the buyer, and he has also the burden of proving that goods delivered or ten-
dered complied with the contract.

Opinion filed November 28, 1916.

Appeal from the District Court of Cass County, *Pollock, J.*

From a judgment and an order denying a motion for judgment not-
withstanding the verdict or for a new trial, plaintiff appeals.

Affirmed.

*J. E. Hendrickson,* for appellant.

A sale of personal property followed by actual delivery cannot be
rescinded unless the property be promptly returned to the seller, or its
return tendered and refused. Houghton Implement Co. v. Vavrosky,
15 N. D. 308, 109 N. W. 1024.

Where defendant gives notice that he refuses to perform his part
of the contract, the plaintiff is at liberty to enforce the obligation against
defendant, whether plaintiff has performed or not. A verdict should
therefore have been directed for plaintiff. Comp. Laws 1913, § 5775.

Title to personal property passes from the seller to the buyer upon
delivery to the carrier free on board. J. L. Owens Co. v. Doughty, 16
N. D. 10, 110 N. W. 78; Smith v. Edwards, 29 Hun, 493; King v.
Cleveland Ship Bldg. Co. 50 Ohio St. 320, 34 N. E. 436; Dentzel v.
Island Park Asso. 229 Pa. 403, 33 L.R.A.(N.S.) 54, 78 Atl. 935.

*Robinson & Lemke,* for respondent.

The pleadings and evidence show merely an executory contract for
the sale of personal property which the plaintiff never delivered and
which the defendant never received or accepted; hence no title passed

to defendant. Comp. Laws 1913, § 5536; Badger State Lumber Co. v. G. W. Jones Lumber Co. 140 Wis. 73, 121 N. W. 933; J. B. Bradford Piano Co. v. Hacker, 162 Wis. 335, 156 N. W. 141.

CHRISTIANSON, J. This suit was originally commenced before H. F. Miller, a justice of the peace in Cass county, and resulted in a judgment in favor of the plaintiff. Defendant appealed from the judgment of the justice of the peace to the district court, and the cause was subsequently tried to a jury in the district court of Cass county and resulted in a verdict in favor of the defendant. The plaintiff appeals from the judgment entered pusuant to the verdict and from the order denying his motion for judgment notwithstanding the verdict or for a new trial.

The plaintiff's complaint alleges that in May, 1915, the defendant gave plaintiff a written order for marble posts, iron piping, chains, hooks, etc., to fence a certain cemetery lot 9x18 feet, and that pursuant to such contract the plaintiff shipped the material so ordered to the defendant at Leonard, North Dakota, and that "the defendant has at all times neglected and refused, and still does fail, neglect, and refuse, to accept and receive said fencing." The defendant as an affirmative defense avers in his answer that on May 1, 1915, the plaintiff offered and agreed to furnish the defendant material to fence a certain cemetery lot 9x18 feet and deliver the same within a reasonable time to the defendant at Leonard, North Dakota. The material to consist of six light blue marble posts 5 feet long with holes 6 inches from the top to admit the insertion of a 2-inch pipe sufficient to go around the lot and to connect the posts with the holes in the iron pipe, for twelve or more iron hooks to sustain an ornamental chain suspended below the iron pipes. That the plaintiff has never offered to deliver such material or any similar material, excepting white marble posts with holes for 1½ inch pipe, and with hooks for the iron pipe which were too large for the same and for the ornamental chain. That defendant could not use it and did not order it, or agree to pay for it.

The evidence shows that the plaintiff and defendant had a certain conversation regarding the fence in question, and that subsequently, on April 30, 1915, the plaintiff wrote the defendant the following letter:

"I have this evening looked up the prices on fences and I can furnish you with a fence 6 posts 5 feet high and 6 inches square in marble and

chains and pipes for the lot for $75 and the same fence in granite for $95. The marble posts come in light blue and are most generally used in fences where chains and pipes are used. The granite posts come higher as they are harder to work down smooth. If you should decide to get a fence I shall be glad to hear from you."

Defendant thereafter replied thereto as follows: "Leonard, May 5. If you accept my offer try and get them here before Decoration Day. If you like you can send me the fencing for my lot, which is 8 by 18 feet, 6 marble posts 6 by 6 inches square, 5 feet length, *light blue* galvanized pipe, 1½ inch chains and tassels. Fencing all complete. Delivered at Leonard f. o. b. for $75, payable six months. Pipe about 4 inches from top of post. Chain sag between post 8 inches, not over ten."

It is undisputed that the contract or order for the material involved in this controversy is evidenced solely by these two letters. The plaintiff subsequently shipped certain fencing to the defendant, and on July 19, 1915, the defendant wrote the plaintiff as follows: "I am sorry to tell you that only part of the fencing has come yet, and what is here is not what I expected to see according to my order. I am very much disappointed, do not like it one bit. Now what is to be done about it?"

And on July 29, 1915, the defendant sent the plaintiff the following letter: "I was to Leonard station and examined the fencing I ordered from you, and it is not what I ordered, by far, and I will not accept it."

The plaintiff testifies that upon receiving the letters from the defendant, he went to Leonard, where he met the defendant at the station, and that they together examined the different parts of the fencing and found that the hooks were too large, and that the plaintiff thereupon went to a blacksmith at Leonard and ordered different hooks, but that the defendant then and there "refused me to take the fence out and set it up."

Upon the trial in the district court, the defendant brought into court and introduced in evidence one of the marble posts, one of the galvanized pipes, and some of the hooks, and these were offered and received in evidence and considered by the jury, and while these exhibits are referred to in the court's certificate settling the statement of case, they have not been forwarded to this court, and consequently cannot be examined by us. The plaintiff in his testimony contended that the

posts really complied with the terms of the order and were light blue marble posts, whereas the defendant, on the contrary, contended that they were not light blue, but were white, and to substantiate his testimony produced and offered in evidence one of the posts. There was also testimony on the part of the defendant tending to show that the pipes did not fit, and that certain parts of the material had never been shipped. It was conceded that the hooks sent by the plaintiff were too large and could not be used, and while the plaintiff directed a blacksmith at Leonard to prepare other hooks, it is admitted that plaintiff subsequently, upon defendant's refusal to accept the fence, notified the blacksmith not to make such hooks.

Upon the issues as thus framed under the pleadings and the proof, the court submitted the cause to the jury, which returned a verdict in favor of the defendant.

Plaintiff's first assignment of error relates to the admission in evidence of the marble post, galvanized pipe, and hooks. Plaintiff argues that these exhibits were not admissible unless it was first shown that defendant had returned or offered to return the material for the fence to the plaintiff, and he contends that no such showing was made in this case. Plaintiff's argument, while purporting to be directed to the question of the admissibility of this evidence, in reality goes to the merits of defendant's defense. Plaintiff contends that the defendant received and retained the property in his possession, and that, consequently, under the provisions of § 5936, Comp. Laws 1913, and the decision of this court in Houghton Implement Co. v. Vavrosky, 15 N. D. 308, 109 N. W. 1024, defendant, in order to effect a rescission of the contract, was required to promptly return or tender a return of the property to the plaintiff.

Plaintiff's argument is based upon an assumed statement of facts which does not exist in this case. There is not an iota of evidence tending to show that the defendant ever received into his possession any of the material involved in this controversy. In fact in plaintiff's complaint it is alleged that *"the defendant has at all times neglected and refused, and still does fail, neglect, and refuse, to accept and receive said fencing."* And this allegation in the complaint was supported by the testimony of the plaintiff and also by the testimony of the defendant upon the trial. Plaintiff contends, however, that the production

35 N. D.—24.

by the defendant of this material, and certain statements made by the defendant's counsel in his opening statement to the jury, show that the defendant had received and taken such property into his possession. The record, however, discloses two statements made by the defendant's counsel during the course of the trial absolutely to the contrary. At one time defendant's counsel stated that the material is still at the depot at Leonard. And when defendant's counsel asked the court for permission to offer the marble post, chain, and hooks in evidence, the trial court asked whether they were in the possession of the defendant, to which question defendant's counsel replied: "Well, we took the liberty of bringing two pieces of the property up here and it is here in the court room." The statement of defendant's counsel, upon which plaintiff relies, was made during his opening statement to the jury and after plaintiff had rested his case. Not an iota of evidence was offered by the plaintiff tending to show that the defendant ever received into his possession or retained any of the property in this controversy, but, on the contrary, the allegations in the plaintiff's complaint and his own positive testimony, as well as the testimony of the defendant himself, tend to show that defendant never received or took any part of the same into his possession. The mere fact that defendant, under the circumstances described by his counsel, brought some of the material into the court room, certainly is not sufficient evidence of the delivery to the defendant by the plaintiff and retention thereof by the defendant, especially in view of the evidence showing the contrary to be true. Plaintiff's entire argument is based upon a theory of facts which has no real existence. The testimony shows clearly and unquestionably that the defendant absolutely refused the shipment, and there is absolutely no ground for the contention that he took or retained in his possession any part of the material in question.

It is undisputed that the marble post, galvanized pipe and hooks offered in evidence by the defendant, and examined by the jury upon the trial, were part of the material shipped by the plaintiff and refused by the defendant. The evidence shows that all four posts were of the same color as the one which was offered in evidence. Defendant contended that this was white marble, and not light blue as provided for in the order. Plaintiff's counsel asserts that the difference in color is a frivolous and technical objection, but we are by no means satisfied that

this is so. A person who agrees to furnish an article in a light blue color certainly cannot claim to have performed his agreement by furnishing one that is white. The defendant in this case desired marble posts of a certain color which he specifically designated in his letter. When posts of a different color and material differing in other respects from the goods ordered were shipped to him, he positively refused to receive the same. "In actions to recover the price or value of goods sold the burden is on plaintiff to prove the existence and validity of the contract of sale, and the terms thereof, the price or value, the delivery and acceptance, of the goods and the amount thereof, and his compliance with the contract, or a waiver of its provision by the buyer, and he has also the burden of proving that goods delivered or tendered complied with the contract." 35 Cyc. 564. See also Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, L.R.A.1916E, 932, 152 N. W. 359; Starke v. Stewart, 33 N. D. 359, 157 N. W. 302.

Plaintiff also contends that at the time the defendant "repudiated" the contract "the plaintiff was certainly not in fault because a reasonable time had not yet expired for the construction of the fence complete; the defendant gave notice that he refused to perform his implied contract to pay for the materials. Under § 5775, Comp. Laws 1913, the plaintiff was, therefore, at liberty to enforce the obligation of defendant whether the plaintiff had performed or not."

What we have said above wholly disposes of this contention. The defendant ordered certain specified material for fencing a certain cemetery lot. The plaintiff accepted the order and agreed to furnish the materials which defendant ordered. The plaintiff furnished material which differed in essential particulars from those ordered. The evidence does not show or bear out plaintiff's contention that defendant refused to permit plaintiff to carry out the contract between them. The plaintiff never offered to substitute the proper materials or posts of the designated color, but he stood upon the proposition that the material shipped complied with the terms of the order and that the defendant must accept the material shipped. It is upon this theory that he has brought this suit. The jury by its verdict has said that plaintiff failed to furnish the material which defendant ordered, and that plaintiff has failed to perform the conditions of his contract of sale with the defendant.

The evidence in this case is sufficiently in conflict to make the jury's finding binding upon this court. The propositions which we have discussed above, in effect, dispose of all the errors assigned, and we find no error justifying a reversal of the judgment. The judgment and order appealed from must therefore be affirmed. It is so ordered.