## Allen v. Brown.

Where the plaintiff sued for a balance of account of $319 10, exhibiting an account amounting to $719 10, with a credit of $400, and at the trial introduced evidence to prove items of the account, amounting to only $596 50, and the jury found for the plaintiff $319 10 ; *Held*, that a motion for new trial, on the ground that the verdict was not sustained by the evidence, ought to have been sustained.

Appeal from Calhoun. The appellee sued the appellant for 319 10-100 dollars, the balance of an unsettled account, consisting of charges for money loaned, services rendered, and other items, amounting to the aggregate sum of 719 10-100 dollars. Upon this amount there was credited the sum of 400 dollars, leaving the balance of 319 10-100 dollars, for which the suit was brought. There was evidence introduced by the plaintiff, conducing to prove items in his account amounting altogether to 596 10-100 dollars. The jury found for the plaintiff 319 50-100 dollars. The defendant moved for a new trial; which the Court refused, and gave judgment for the plaintiff; and the defendant appealed.

*S. A. White* and *A. S. Cunningham*, for appellant.

*Lytle & Stockdale*, for appellee. The grounds for new trial were: That the verdict was not supported by evidence, contrary to the same and to the law. The proof shows that the defendant received from plaintiff three hundred dollars in money; that he was served by plaintiff as stage agent, for three or four months, that these services were worth from twenty-five to eighty dollars per month, the weight of testimony sustaining the charge of fifty dollars per month as in the account; that he used and retained plaintiff's horse, worth seventy-five or eighty dollars, with another item of $4 50,

making in all near five hundred and eighty dollars. We respectfully submit, that this is ample testimony to support the verdict, it being for 319 10-100 dollars. The objection is, that every item of the account was not proven. But this is answered by the proof of a much larger amount than the balance claimed. It cannot be expected that every minute item of a running account will be proven; and it is the peculiar province of the jury to judge from the facts, as to the general correctness; and their discretion soundly exercised, will not be overruled. (Briscoe v. Bronaugh, 1 Tex. R. 340; Long v. Steiger, 8 Tex. R. 462.)

WHEELER, J. · The evidence, introduced by the plaintiff, might have warranted the jury in finding, upon his account, items proved amounting to $596 50. That is the utmost which there was any evidence conducing to establish. Four hundred dollars were credited on the amount of the plaintiff's account. The case, then, stood thus: Of the plaintiff's account 596 50-100 dollars were proved by his witnesses, and a credit thereon of $400, by his admissions. That is the plaintiff's account was established to the amount of five hundred and ninety-six 50-100 dollars, and the defendant's payment to the amount of $400. This left just 196 50-100 dollars, the balance due the plaintiff. There was no evidence to warrant the finding of a larger amount. Yet the jury returned a verdict for the plaintiff for 319 10-100 dollars, the balance claimed by him. The verdict, therefore, was clearly without evidence, and demonstratively excessive, for the sum by which it exceeded 196 50-100 dollars. To have warranted the finding, the whole amount of the plaintiff's account must have been proved, which, as we have seen was not the case. The verdict, therefore, was not warranted by the evidence; and there was error in refusing a new trial. The judgment is reversed and the cause remanded.

Reversed and remanded.