BROWN, Respondent, *v.* FORBES ET AL., Appellants.

**Pleading — Payment, When Unnecessary to Plead.**

> Where in an action for the balance of an account it is alleged "no part thereof has been paid except" certain specified payments, the defendant, under a general denial, will be permitted to prove other payments than those stated in the complaint.

(Argued October 11, 1888; reversed October 13; opinion filed June 3, 1889.)

APPEAL from district court, Lawrence county; Hon. C. M. THOMAS, Judge.

The action was brought to recover a balance alleged to be due plaintiff from defendant, for work, labor and services performed, after deducting sundry payments admitted by the complaint·and alleged to have been the only payments made. Defense, general denial. On the trial the court excluded proof of other payments offered on behalf of defendant, to which ruling defendant excepted. Plaintiff had judgment and defendant appealed.

*Granville G. Bennett,* for appellants.

The court erred in excluding evidence of payment. Abbott, Trial Ev. 799; Bank v. Sherman, 33 N. Y. 69; Moorhouse v. Northrop, 33 Conn. 380; 2 Abbott, Forms, p. 48, n.; 2 Gr. Ev., §§ 516–526; Pomeroy, § 701; Hart v. Crawford, 41 Ind. 197; Wolcott v. Ensign, 53 id. 70.

*Martin & Mason,* for respondent, cited Bank v. Stover, 60 Cal. 390; Coles v. Soulsby, 21 id. 47; Sinard v. Patterson, 3 Black. 354; Ulsch v. Muller, 9 N. E. Rep. 736; Able v. Lee, 6 Tex. 427; Ward v. Winn, 42 Ga. 323; C. C. Pro., §§ 111, 118; C. C., §§ 832, 859, 2098, 2129; 2 Dan'l, Neg. Inst., § 1245.

SPENCER, J. (*After stating the above facts.*) The question involved in this appeal is whether or not the pleadings were sufficient to authorize the defendant to prove other payments than those set forth by the complaint. The plaintiff in his complaint alleges, in substance, that during the years 1883, 1884 and 1885

he performed for the defendant, and at his special instance and request, certain work, labor and services, in all, eighteen months' labor, which was reasonably worth, and for which the defendant agreed to pay $50 per month; *that no part thereof has been paid except the sums of* $181.75, $99.75 *and* $53, *in all the sum of* $334.50, *and that there is now due and owing from the defendant to this plaintiff the sum of* $565.50, *and interest from March* 25, 1885.

To this complaint the defendant answered, denying each and every allegation therein contained. Upon the trial he offered to prove other payments than those admitted by the complaint. Such proof was excluded on objection that the payment was not alleged in the answer. The averment of the complaint that only certain sums had been paid, and that there was still due and owing a certain sum with interest from a specified date, and the denial made by the answer of all the allegations therein contained, formed an issue as to all the averments set forth in the complaint and denied by the answer, not only as to the time the plaintiff was employed and performed services for the defendant, but necessarily as to the amount of the several payments made. The question as to the different payments which ought to have been credited to the defendant was necessarily involved in the issue thus formed, and in order to determine what sum was in fact due the plaintiff, which was the material question in the case, it was as essential to ascertain what payments had been made as it was to determine when the service commenced, and during what period it continued. The balance due the plaintiff, if any, could not be ascertained or determined except by inquiry and investigation as to the time the plaintiff worked for the defendant, the value of the services performed, and the amount of the payments that had been made on account thereon. The plaintiff sued for a balance alleged to be due him, averring that certain payments (which he specified particularly), and no others, had been made. This allegation invited an issue as to whether any other payments had been made or not, and what the balance remaining unpaid was, if any thing. The general denial of the defendant put that allegation in issue. Had the plaintiff sued on his contract, alleged performance of it, and demanded judgment, as he might

have done, it would have been incumbent on the defendant in his answer to have alleged payment in order to have permitted him to have proved such defense; but where a plaintiff sues for a balance, alleging that certain payments, *and no others,* have been made, he empowers the defendant by his general denial to have the state of the account investigated, the extent to which the original demand has been reduced by payments ascertained, and the amount of the balance determined.   See Quin v. Lloyd, 41 N. Y. 349 ; White v. Smith, 46 id. 418 ; Pom. Rem. 740.

The district court, therefore, erred in excluding the evidence of payment offered in behalf of the defendant, and the judgment must be reversed.

Judgment reversed, and new trial ordered; all the justices concurring, except THOMAS, J., not sitting.