[No. 4040.]

## MOTT v. BAXTER.

CONTRACTS—EMPLOYER AND EMPLOYEE—BURDEN OF PROOF—INSTRUCTIONS.

In an action by a stenographer against her employer for a balance claimed to be due for services performed under a contract of employment at a specified salary per week, where defendant admitted the original contract of employment, but claimed that the original contract was terminated, and that after its termination, although plaintiff remained at his office and performed some services for him, it was under a different arrangement, whereby she was to receive no salary, the defense was merely a denial that plaintiff had rendered services for him under her contract of hire after a certain date and was not an affirmative defense, and an instruction that placed upon defendant the burden of proof to establish the termination of the contract was erroneous.

*On Appeal from the Court of Appeals.*

Mr. GEORGE W. TAYLOR and Mr. FRANK J. MOTT for appellant.

No appearance for appellee.

*Per Curiam.*—This action was commenced before a

justice of the peace, consequently, there are no written pleadings.  The party defeated before the justice appealed to the county court, where the plaintiff, appellee here, recovered the full amount of her claim.  From this judgment the defendant appealed to the court of appeals, where it was affirmed—*Mott v. Baxter*, 13 Colo. App. 63—and he now brings the case here for review on appeal.

One item of plaintiff's account is a balance for services which she claims to have rendered defendant in the capacity of stenographer from November 12 1894, to December 21, 1895, at an agreed sum per week.   Her testimony on this subject is to the effect that she entered into a contract with the defendant by which she was to be paid a stipulated price by the week or month for such time as she was in his employ, and that she worked for him for the period claimed under this agreement.  Defendant testified that about the first of June, 1895, the original contract was terminated, and although she remained at his office, and performed some services for him after that date, it was under an entirely new and different arrangement from that originally entered into.   The court instructed the jury that the burden of proof was upon the defendant to establish that the original contract of hire was rescinded by mutual agreement.  The question then presented is, was the defense, which the defendant interposed to the account of plaintiff which accrued after the date he says the original contract of hire was terminated, affirmative, or was it simply a denial of indebtedness as to that part of her account?   If of the first character, then the instruction was correct, for the burden rests upon the party who holds the affirmative of a proposition of fact—1 Greenleaf's Evidence, § 74; 5 Enc. Law,

2nd ed., 23. If of the latter character, then the instruction was erroneous, for a simple denial tenders no affirmative issue.

"A statement of facts by way of defense which are merely inconsistent with those stated by the plaintiff, is, in effect, a denial. It is not new matter; it admits nothing; it simply contradicts."

Bliss's Code Pleadings, 2nd ed., § 333; *Sylvis v. Sylvis*, 11 Colo. 319.

There being no written pleadings, the issues are defined by the evidenc—*Hinchman v. Keener*, 5 Colo. App. 300—and it is from this source that the issues between the parties, so far as material to the instruction in question, must be determined.

The statements of defendant directly contradict the claim of plaintiff, that she had rendered services for him after about June first, 1895, under her contract of hire. In other words, they contradicted her claim that the original contract which was the basis of her cause of action was in existence after that date. Her right to a recovery for the whole of the period for which she worked for defendant depended upon her proving the continuance of her contract for that period. The testimony of defendant that the contract was not in existence after about June first, 1895, did not relieve her from the burden of proving its continuance after that date, for the reason that it was not an admission of indebtedness as to that part of her account. On the contrary, it negatived her statement in this respect. This being the effect of the testimony of defendant, the defense thereby interposed to her account for services after about June first, 1895, must be treated as a denial of such indebtedness, because that defense permits a defendant to prove any and all facts which tend to

negative the averments, or some one or more of them, which a plaintiff is required to establish.

*Sylvis v. Svlvis, supra;* Bliss' Code Pleadings, 2nd ed., § 327; Pomeroy's Rem. & Rem. Rights, § 691; *Stewart v. Goodrich*, 9 Mo. App. 125; 1 Enc. Pl. & Pr. 817.

Therefore, his defense to that part of her account was in no sense affirmative; consequently, the burden did not rest upon him to establish a fact which merely supported his denial of indebtedness to that part of her account to which his testimony was directed. For this reason, it was clearly error to instruct the jury that the burden of proof was upon him to establish the rescission to which he testified.

In justice to the court of appeals, as well as this court, we deem it proper to state that the original briefs filed by appellant in the court of appeals and here did not fairly present the question of the correctness of this instruction. While it cannot be said that these briefs so far fail to present the question that it is now raised for the first time, yet it was only in the brief filed in support of the petition for a rehearing that the real reasons why this instruction was erroneous were at all clearly presented.

The former opinion is withdrawn, the judgment of the court of appeals reversed, and the cause remanded to that tribunal, with directions to reverse the judgment of the county court, and remand the case for a new trial.

*Reversed and remanded.*

STEELE, J., not participating.