## MULROY v. JACOBSON.

### (139 N. W. 697.)

**Insurance policy contract — premium — rescission of contract.**

1. An oral contract was entered into between these parties in April, 1909, whereby defendant promised and agreed to procure for plaintiff a policy of life insurance in the Mutual Life Insurance Company of New York, in exchange for the notes described in the complaint, which notes were owned by plaintiff and executed and delivered to him by the respective makers thereof. Pursuant to such contract, an application addressed to the insurance company was prepared by defendant, who was the local agent of such company, and plaintiff signed the same. Thereafter it was transmitted to such company and accepted by it, and a life policy in the sum of $85,000, being the kind and amount of policy mentioned in the application, was issued and forwarded to defendant. After entering into the contract, plaintiff moved to New Mexico, leaving the notes and the mortgages securing the same in the bank at Walum for safe-keeping, of which bank defendant was cashier. Upon receiving notice of the issuance of the policy, defendant transmitted to plaintiff by mail the notes for indorsement, and also assignments of the mortgages for execution, with a letter requesting plaintiff to indorse such notes and execute the assignments and return same immediately, which request was complied with by plaintiff. Upon receipt of the notes and assignments, defendant forwarded the policy aforesaid to plaintiff, who refused to accept same and immediately returned it, giving as his reason for so doing that it was not the policy agreed upon, his contention being that he was to receive a one premium, or fully paid-up, policy for such an amount as the agreed value of the notes would purchase. Defendant's contention, on the contrary, was and is that an $85,000 straight life policy was agreed upon, and that the first premium thereon was to be paid by defendant, in consideration for which the notes and mortgages in

question were to be indorsed and assigned to him. After some correspondence in which defendant refused to recognize the correctness of plaintiff's contention as to the contract, the latter notified the former in effect that he rescinded the contract and demanded the notes back. This was refused, whereupon this action was commenced for the alleged conversion of such notes and mortgages.

*Held,* that if plaintiff's version of the transaction is correct, he had a right, at his election, to rescind the contract and recover the notes or their value, and conversion will lie upon proving such rescission and demand, and refusal by defendant to comply therewith..

**Conversion — evidence.**

2. Under the complaint which contains the usual allegations in a conversion action,

*Held,* that proof of any facts tending to show a conversion of the notes and mortgages was admissible.

**Application for insurance — contract — parol evidence — admissibility.**

3. Plaintiff contends .that the written application for insurance which he signed was in blank as to the amount of the policy applied for, and that such blank was later filled by defendant by the insertion of the figures $85,000, without his knowledge or consent.

*Held,* that such application does not constitute the contract between these parties, but that such contract rests in parol; hence, the rules that parol evidence is inadmissible to contradict or vary the terms of a written contract, and that all prior or contemporaneous oral negotiations are merged in such written contract, have no application, and that it was not error to admit parol evidence to show what the terms of the contract in fact were.

**Notes — value of — proof — conversion.**

4. *Held,* for reasons stated in the opinion, that the proof as to the value of the notes at the date of the alleged conversion was sufficient.

**Evidence — prejudicial error — self-serving declarations.**

5. The crucial fact in controversy being whether the contract called for an $85,000 straight life policy, as contended by defendant, or a one premium policy, as plaintiff contends,

*Held,* that it was prejudicial error to admit in evidence numerous letters written by plaintiff to defendant long after the contract was entered into, which letters contain merely self-serving declarations as to plaintiff's version of the transaction.

**Evidence — "understanding" — error.**

6. Plaintiff's son was permitted, over defendant's objection, to testify as to his *understanding* regarding the terms of the contract.

*Held,* prejudicial error.

Opinion filed January 16, 1913.

Appeal from District Court for Griggs County, *Goss,* Special Judge.

From a judgment in plaintiff's favor, and from an order denying a motion for a new trial, defendant appeals.

Reversed and new trial ordered.

*Ball, Watson, Young, & Lawrence,* for appellant.

Oral negotiations of the parties became merged in the written contract, and it was error to permit testimony as to the terms of such contract. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747.

The legal effect of a contract of exchange of property is generally the same as that of a contract of sale. 35 Cyc. 40; Rev. Codes, § 5445; 28 Am. & Eng. Enc. Law, 664; Hornblower v. Proud, 2 Barn. & Ald. 327, 20 Revised Rep. 456; Wait v. Baker, 2 Exch. 1, 17 L. J. Exch. N. S. 307; Emanuel v. Dane, 3 Campb. 299; Armstrong v. Allen, 4 Reports, 107, 67 L. T. N. S. 738, 7 Asp. Mar. L. Cas. 293; Martin v. Reid, 11 C. B. N. S. 730, 31 L. J. C. P. N. S. 126, 5 L. T. N. S. 727; Locke v. Reeves, 116 Ala. 590, 22 So. 850; Union Stock Yard & Transit Co. v. Mallory, Son & Z. Co. 157 Ill. 554, 48 Am. St. Rep. 341, 41 N. E. 888; Rogers v. Miller, 62 N. H. 131; Feist v. Prince, 22 Misc. 358, 49 N. Y. Supp. 280; Stoneman v. Van Vechten, 165 N. Y. 666, 59 N. E. 1131; International & G. N. R. Co. v. Ogburn, 26 Tex. Civ. App. 217, 63 S. W. 1072.

To maintain trover, plaintiff must have a *legal title;* equitable title alone not sufficient. 28 Am. & Eng. Enc. Law, 663.

Plaintiff must show possession, or legal right to possession, and general or special ownership of the property. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Clendening v. Hawk, 8 N. D. 419, 79 N. W. 878.

Right of property and possession, or right to possession, must concur. Davidson v. Waldron, 31 Ill. 120, 83 Am. Dec. 206; Forth v. Pursley, 82 Ill. 152; Owens v. Weedman, 82 Ill. 409; Montgomery v. Brush, 121 Ill. 513, 13 N. E. 230; Frink v. Pratt, 130 Ill. 327, 22 N. E. 819; 26 Am. & Eng. Enc. Law, 744; Union Stock Yard & Transit Co. v. Mallory, Son & Z. Co. 157 Ill. 554, 48 Am. St. Rep. 341, 41 N. E. 890.

Goods to be paid for in cash or by note, on arrival, do not prevent title from passing. 24 Am. & Eng. Enc. Law, 1001.

There was an assignment and delivery of the property, and it became the defendant's property. Glass v. Basin & B. S. Min. Co. 31 Mont. 21, 77 Pac. 302.

Plaintiff should be nonsuited, where it is shown that, prior to the commencement of action, he had parted with title to property involved. Hall v. Simmons, 125 Ga. 801, 54 S. E. 751; Link v. Jarvis, — Cal. —, 33 Pac. 206; McDermott v. Morris Canal & Bkg. Co. 38 N. J. L. 53; Jones v. Clark, 45 N. J. L. 437; Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; Whitcomb v. Hungerford, 42 Barb. 177.

Action should have been for breach of contract. Central Gas & Electric Fixture Co. v. Sheridan, 1 Misc. 386, 22 N. Y. Supp. 76; Zrskowski v. Mach, 15 Misc. 234, 36 N. Y. Supp. 421; Kearney Mill. & Elevator Co. v. Union P. R. Co. 97 Iowa, 719, 59 Am. St. Rep. 434, 66 N. W. 1059; Starr Bros. v. Stevenson, 91 Iowa, 684, 60 N. W. 217; Kramer v. Messner, 101 Iowa, 88, 69 N. W. 1145.

A complaint charging defendant with the receipt of money under an agreement which he afterwards refused to perform, and asking damages for the breach, does not state a cause of action sounding in tort. Link v. Jarvis,— Cal. —, 33 Pac. 206; Davis v. Thompson, 10 Sadler (Pa.) 563, 14 Atl. 169; Kinney v. South & North Ala. R. Co. 82 Ala. 368, 3 So. 113; McCormick v. Hadden, 37 Ill. 370; Burton v. Curyea, 40 Ill. 320, 89 Am. Dec. 350; Webster v. Granger, 78 Ill. 230; Tuxworth v. Moore, 9 Pick. 347, 20 Am. Dec. 479; Carter v. Willard, 19 Pick. 1; International & G. N. R. Co. v. Ogburn, 26 Tex. Civ. App. 217, 63 S. W. 1072; Cleveland v. Williams, 29 Tex. 204, 94 Am. Dec. 274; Benjamin, Sales, ¶¶ 311–329; Tufts v. Lawrence, 77 Tex. 529, 14 S. W. 165; Grant v. Walsh, 36 Wash. 190, 78 Pac. 787; Frech v. Lewis, 218 Pa. 141, 11 L.R.A.(N.S.) 948, 120 Am. St. Rep. 864, 67 Atl. 45, 11 Ann. Cas. 547; Hull v. Caldwell, 3 S. D. 451, 54 N. W. 100; 24 Am. & Eng. Enc. Law, 619; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588; Cary v. Gruman, 4 Hill, 625, 40 Am. Dec. 299; Muller v. Eno, 14 N. Y. 597; Thornton v. Wynn, 12 Wheat. 183, 6 L. ed. 595; Case v. Hall, 24 Wend. 102, 35 Am. Dec. 605; Taylor v. Saurman, 110 Pa. 3, 1 Atl. 40; Godwin v. Phifer, 51 Fla. 446, 41 So. 597; Harrington v. Rutherford, 38 Fla. 321, 21 So. 283.

The alleged rescission of the contract was ineffective because plain-

tiff failed to restore, or offer to restore, benefits had by him. Rev. Codes, § 5380.

There must be proof of the value of the property, at date of conversion. Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436.

Declarations of a party are inadmissible in his favor; they are merely self-serving. Jones, Ev. 2d ed. pp. 298, 299, 336; Hammond v. Beeson, 112 Mo. 190, 20 S. W. 474; Fisher v. Meek, 38 Ill. 93; Cohn v. Heimbauch, 86 Wis. 176, 56 N. W. 638; Fearing v. Kimball, 4 Allen, 125, 81 Am. Dec. 693; David v. David, 66 Ala. 139; Miller v. State, 8 Gill, 141; Hood v. Hood, 2 Grant, Cas. 229; Gayle v. Bishop, 14 Ala. 552; St. Louis, A. & T. H. R. Co. v. Thomas, 85 Ill. 464; Merritt v. Wright, 19 La. Ann. 91; Taylor, Ev. ¶ 585; Beaver v. Taylor, 1 Wall. 637, 17 L. ed. 601; Milne v. Leisler, 7 Hurlst. & N. 786, 31 L. J. Exch. N. S. 257, 8 Jur. N. S. 121, 5 L. T. N. S. 802, 10 Week. Rep. 250.

*W. C. Resser,* for respondent.

There was no contract between the parties. A mere offer by one party and not accepted by the other party does not make a contract. Bieber v. Beck, 6 Pa. 198; McKinley v. Watkins, 13 Ill. 140; Esmay v. Gorton. 18 Ill. 483; Brown v. Rice, 29 Mo. 322; Tuttle v. Love, 7 Johns. 470; Demoss v. Noble, 6 Iowa, 530; Corning v. Colt, 5 Wend. 253; Quick v. Wheeler, 78 N. Y. 300; Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153; Harlow v. Curtis, 121 Mass. 320; Smith v. Weaver, 90 Ill. 392; West v. First Presby. Church, 41 Minn. 94, 4 L.R.A. 692, 42 N. W. 922.

Where new terms are introduced, they constitute an offer on the other side, and leave the question open. Baker v. Holt, 56 Wis. 100, 14 N. W. 8; Ashcroft v. Butterworth, 136 Mass. 511; Stagg v. Compton, 81 Ind. 171; Bishop, Contr. ¶ 323.

If applicant refuses to accept policy when issued, there is no completed contract of insurance. 25 Cyc. 714, and cases cited in note, 87.

Parol evidence is admissible to show application was filled up by agent, and that the answers of the applicant were falsified by the agent without applicant's knowledge. Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799.

FISK, J. Plaintiff seeks to recover damages for the alleged conver-sion of certain promissory notes of the face value of $4,458, and alleged to be worth that sum. The complaint is in the usual form, alleging ownership and right of possession in plaintiff of the notes in question on April 14, 1909, and that on such date the defendant, having such notes in his possession, unlawfully converted and disposed of the same to his own use, to plaintiff's damage in the sum aforesaid.

The answer puts in issue the allegation as to plaintiff's ownership and right to the possession of the notes on April 14, 1909, or at any subsequent date, and alleges ownership and possession of such notes in himself at all times subsequent to April 10, 1909. He also denies both the conversion and the value of the notes as alleged in the complaint. The case was tried to a jury, and a verdict returned in plaintiff's favor for the sum of $4,149.10. Thereafter defendant moved for judgment notwithstanding the verdict, or in the alternative for a new trial, which motion was denied, and he appeals both from the judgment and from the order denying such motion.

A brief statement of the facts out of which the litigation arose, and which statement we deem necessary to a proper understanding of the propositions of law involved, is as follows: Plaintiff, a farmer residing near Walum in this state, sold his farming property preparatory to moving to New Mexico, and on and prior to April 10, 1909, the notes in controversy were left in defendant's bank for safekeeping, the defendant being a banker at Walum. The latter was also local agent for the Mutual Life Insurance Company of New York, and he and the plaintiff had various negotiations regarding an exchange of such notes for certain life insurance on plaintiff's life. These negotiations culminated in an agreement for an exchange of some of such notes for life insurance, and pursuant thereto plaintiff made a written application through the defendant for a $5,700 paid-up policy, in consideration for which he was to transfer to defendant a portion of the notes in controversy. Plaintiff desired to exchange all three of the notes for insurance, but defendant objected to one of the notes upon the alleged ground that it was of little or no value, but finally the parties effected a new agreement to supersede the first, whereby all the notes were to be transferred to defendant for another and larger policy, and a new application was signed by plaintiff in lieu of the former one. There

is a square conflict in the testimony of the parties as to the terms of the new agreement, it being plaintiff's contention that this second application was signed in blank to be subsequently filled for the amount of the *paid-up* insurance which all the notes would purchase; while defendant contends that, at the time it was signed by plaintiff, the blank space in such application, for the purpose of designating the amount of the policy, was filled in for the sum of $77,000, and that such figures were subsequently changed to $85,000, when it was later determined that all of the notes would purchase that amount on the annual premium plan. Plaintiff strenuously insists that the trade was for a fully paid-up policy, while defendant as strenuously insists that it was for a straight life annual premium plan policy. In other words, according to defendant's contention, the notes were to be exchanged for the first premium on a straight life policy calling for the payment of an annual premium. Immediately after signing the second application, plaintiff left for his new home in the south, and such application was forwarded to the insurance company in New York, and notice of its acceptance by the company was sent by wire to the general agent at Fargo, who communicated such fact to defendant at Walum. Thereupon defendant forwarded to plaintiff the notes, together with the assignments of mortgages securing the same, with a request that he indorse the notes and execute such assignments and return the same to him, which request was complied with. The defendant's letter of transmittal did not disclose the kind of policy which was issued. Upon receipt of the notes and assignments of mortgages, defendant transmitted to plaintiff an $85,000 annual premium policy, but on its receipt plaintiff refused to accept it, and immediately returned same to defendant, accompanied by a letter stating his reasons for so doing, to the effect that it was not the policy agreed upon. Considerable correspondence ensued relative to the matter, but no adjustment of the dispute was effected. Later plaintiff caused a demand to be made on defendant for a return of the notes and mortgages, which demand was refused, whereupon this action was instituted.

Appellant assigns a large number of errors, but they are grouped and discussed in his brief under six general propositions as follows:

"1. Error of the court in permitting plaintiff to testify orally as to terms of a written contract of insurance, no issue having been made

as to whether said written contract was fairly or mistakenly entered into.

"2. The testimony offered by the plaintiff shows only a breach of contract, and not conversion, and plaintiff cannot recover for breach of contract in a conversion action.

"3. An alleged rescission of the contract in question was ineffective, because of failure of plaintiff to restore, or offer to restore, benefits received by him.

"4. There is no proof of the value of the property alleged to have been converted at the date of the alleged conversion.

"5. Error of the court in admitting in evidence several letters of plaintiff to this defendant, containing a statement of his claims in the controversy, and being merely self-serving declarations.

"6. Error of the court in permitting testimony in favor of the plaintiff in the nature of understandings and conclusions, and denying to the defendant testimony of conversations respecting the same matters."

1. Under his first proposition, appellant's contention is that plaintiff should not have been permitted to introduce parol testimony to show that the agreement was other than as disclosed in the written application signed by him. In other words, that, if plaintiff desired to prove that the written contract, as embraced in the application, does not embody the actual agreement between the parties, he must allege in the complaint facts showing either fraud or mistake or some ground for rescission. He invokes the familiar rule that, before being permitted to give evidence of prior oral negotiations, he must lay a foundation in the pleadings for proof of facts disposing of the written instrument. We think appellant is in error in such contention. Under his allegation of ownership of the notes and the conversion thereof by the defendant, we think he had the right to prove any facts tending to show the truth of such allegations. In other words, if conversion will lie under the facts as claimed by plaintiff, then he should be permitted to prove such facts under the complaint as framed. He cannot be required to plead mere evidentiary matter. If appellant's contention that conversion cannot be proved because of a lack of the necessary allegations in the complaint showing a right to rescind, then, upon like reasoning, conversion could not be proved under such complaint, even if the notes were obtained by fraud. We think this position unsound.

Any facts tending to show a ground for rescission and a rescission in fact by plaintiff, followed by a conversion of the notes by defendant by his refusal to recognize plaintiff's rights thereto after such rescission, would, we think, be admissible under the complaint. In other words, merely the ultimate facts constituting a cause of action need be alleged in the complaint. This is an elementary rule of Code pleading. But appellant's contention is, we think, predicated upon an erroneous premise. The contract between the parties was not reduced to writing. Hence, the rule of evidence invoked by appellant has no application. According to plaintiff's version of the transaction, oral negotiations took place between the parties which culminated in a proposal by defendant to procure for plaintiff a fully paid-up life insurance policy on his life, in consideration for which plaintiff was to transfer the notes in question to defendant, which proposal was accepted by plaintiff. Such agreement rested wholly in parol. Obviously, such parol agreement was wholly executory and conditional. It was to be consummated and, of course, could be consummated only when the policy was issued. Until such time as the insurance company accepted the application, it could not be known whether the contract could or could not be consummated. The appellant's counsel are, we think, clearly in error in contending that such written application for insurance embraced and constituted the contract between these parties. The contract was entered into prior to the making of such application,— how long prior being immaterial,—and such application was made merely as one step towards carrying out the deal. The contract was between these parties, and not between plaintiff and the insurance company. The written application was addressed to a third person, the insurance company, and was, at the most, merely a proposal for insurance. Manifestly, therefore, such proposal cannot correctly be said to constitute the agreement between these parties. It, no doubt, furnishes strong corroborative evidence of defendant's contention as to the kind of a policy that was agreed upon, but it is not conclusive of such fact, and its probative weight may be impaired or wholly destroyed by parol evidence as to the actual agreement. This appears to be plain, and we believe sufficiently answers appellant's contention as to the admissibility of the parol evidence objected to, but which was received to show what the terms of the contract actually were.

2. Appellant's contention that plaintiff's proof merely shows a breach of contract, and not a conversion as alleged, is, we think, also unsound. His premise is that title to the notes passed unconditionally to defendant pursuant to the contract, and there being no question of fraud, deceit, or mistake in the transaction, a rescission could not be had. Such contention is plausible, but we think a little reflection, in the light of the facts, will show its fallacy, as well as serve to differentiate the cases relied on by appellant's counsel from the case at bar. Plaintiff did not sell and deliver the notes to defendant for a stated price to be paid by him in the future, or at all. There was not an executed sale or exchange of the notes to defendant, as contended, but, according to plaintiff's theory, he agreed merely to exchange the notes for a certain designated policy of life insurance to be purchased by defendant, and the notes were transferred pursuant thereto. Such transfer was not unconditional, as is contended by appellant, but was made as and for payment of the policy which defendant had agreed to procure. On the contrary, if the contract was for an annual premium life policy, as defendant contends, then, of course, defendant had a contract right to retain the notes, and conversion will not lie. There is no claim of a mutual mistake between the parties, nor of actual fraud or deceit. They each assert that there is a contract, but they differ as to the terms thereof. Assuming that plaintiff is correct as to the terms of the contract, he no doubt might have sued for a breach thereof instead of for conversion of the notes, but he was not restricted to such remedy. He had a right to rescind at his election, and the proof shows that he did rescind. Appellant calls our attention to the fact that plaintiff, as late as the latter part of May, expressed his willingness to accept from defendant a performance of the contract, and that therefore no rescission had taken place at that time; but such conclusion does not necessarily follow from the above fact. Immediately upon receiving the $85,000 policy, he returned it and demanded the policy which he claimed had been agreed upon, or a return of the notes, and subsequently, in a letter to defendant, he unqualifiedly rescinded the contract and notified defendant that he might either retain the notes for collection, or return them to him. The fact that thereafter he expressed a willingness to permit defendant to go on with the deal, but

which proposal was ignored by defendant, would not operate to reinstate the contract.

We are therefore agreed that the trial court did not err in admitting parol evidence to show what the contract between the parties was. We are also agreed that plaintiff has not mistaken his remedy, provided he is able to establish that the contract was as contended for by him, and that such contract was rescinded.

In the light of the above observations, the rights of these parties are, we think, quite plain. At the most, defendant acquired merely a conditional title to the notes, dependent upon his furnishing to plaintiff the policy agreed upon. If a one payment policy was agreed upon, as plaintiff contends, then, upon defendant's failure or refusal to procure and deliver such a policy, plaintiff had the undoubted right to rescind the deal and sue for the notes or their value, and defendant's refusal to recognize plaintiff's claim thereto would constitute a conversion thereof.

We fail to appreciate the force of appellant's contention that a rescission could not have taken place "because of failure of plaintiff to restore, or offer to restore, benefits received by him." He received no benefits under the contract, and he promptly restored to defendant the policy which was transmitted to him. Such policy was at no time effective, and was immediately returned. Under plaintiff's version of the contract, the so-called De Lap paper constituted no part of the consideration. We think this sufficiently answers the first three propositions advanced by appellant's counsel.

It is next contended that there is no proof of the value of the notes alleged to have been converted. There is no merit in this point. While the evidence on this question is not as specific as it might have been, we are convinced that when considered in the light of the presumption that the notes were worth their face value, it is sufficient. The decisions of this court cited by appellant, involving the sufficiency of proof as to the value of grain, are not in point. There is no analogy between the case at bar and cases for the conversion of commodities having a fluctuating value, such as grain. The court will take judicial notice that the market value of grain fluctuates almost daily and sometimes hourly. Hence, the rule regarding proof of the value

of such commodities as grain has but little, if any, application in a case such as this.

This brings us to a consideration of the correctness of certain rulings of the district court on the admission of testimony in the form of letters written pro and con between the parties subsequent to entering into the contract. In considering the alleged errors under this branch of the case, we must not lose sight of the fact that the crucial issue of fact was, Which party is correct as to the terms of the contract which was entered into? The receipt of such letters, if error at all, was of the most prejudicial character, for the jury was permitted to take them to the jury room for perusal by the members thereof during their deliberations. After mature deliberation, we are constrained to hold that the receipt of most of such letters constituted palpable error, necessitating a new trial. In giving our reasons for this holding, we deem it unnecessary to go into details, and shall content ourselves by a general statement of our views. Plaintiff was personally in court and testified to the material facts sought to be proved by these letters. The fact that he declined to accept the $85,000 policy and immediately returned same to defendant, and that defendant received the same, as well as the fact that the notes and assignments of mortgages were forwarded by defendant to plaintiff for indorsement and transfer, and that the same were returned by mail to defendant after being indorsed and transferred, were all testified to by plaintiff, and are wholly uncontroverted. Plaintiff's letter, Exhibit 6, could therefore serve no legitimate purpose, and should have been excluded, as it contains many self-serving declarations of a very prejudicial character regarding a past transaction, and could only serve to mislead and poison the minds of the jurors to defendant's detriment. The same may be said of Exhibit 7, being another letter written by plaintiff to defendant, with the exception that this letter was, no doubt, admissible for the sole purpose of proving a rescission of the contract by plaintiff and the imparting of notice thereof to defendant. It should be thus restricted. Exhibits 8 and 9 are letters written by plaintiff to defendant in May of said year, and contain nothing but self-serving declarations as to plaintiff's version of the contract. They are clearly incompetent and highly prejudical to defendant, and should have been excluded. Num-

erous letters written by defendant to plaintiff regarding the contract were introduced in evidence by the plaintiff without objection, most, if not all of which, were likewise incompetent, except to the extent, if any, that they .contain admissions favorable to plaintiff.   The introduction of these letters, without objection by defendant, did not, however, warrant the court in receiving in evidence the letters written by plaintiff to defendant as aforesaid, even though they were replies to defendant's said letters.

If authorities are necessary in support of the rule that the above-mentioned letters written by plaintiff are inadmissible, see Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508; Canadian Bank v. Coumbe, 47 Mich. 358, 11 N. W. 196; Biggs v. Stueler, 93 Md. 100, 48 Atl. 727; Fallon v. Rapid City, 17 S. D. 570, 97 N. W. 1009; State, Hand, Prosecutor, v. Howell, 61 N. J. L. 142, 38 Atl. 748; Bank of British N. A. v. Delafield, 126 N. Y. 410, 27 N. E. 797; Jones, Ev. pp. 336, 374, 375; Hammond v. Beeson, 112 Mo. 190, 20 S. W. 474; Fisher v. Meek, 38 Ill. 93; Fearing v. Kimball, 4 Allen, 125, 81 Am. Dec. 690.

The errors above pointed out necessitate a new trial, and, in view of this disposition of the appeal, we deem it necessary, for the guidance of the trial court, to pass on but one other ruling complained of by appellant.   The vital and controlling issue between these parties was whether the contract in fact called for a one premium policy or a straight life annual premium policy..   The plaintiff sought to show that the contract was for a one premium policy, and he was permitted. over defendant's objection, to corroborate his version of the contract by the testimony of his son, who was permitted to testify to his understanding of the deal from the conversation of the parties, instead of being required to detail such conversation.   We think this ruling was not only clearly erroneous, but manifestly very prejudicial in view of the record presented on this appeal.

The judgment and order appealed from are reversed and the cause is remanded for a new trial in accordance with the views above expressed.

Goss, J., being disqualified, took no part in the above decision.