KIMBALL STATE BANK, Respondent, v. HARKER et al., Appellants.

(152 N. W. 100.)

(File No. 3647.   Opinion filed April 6, 1915.)

1. **Negotiable Instruments—Action.—Evidence of Note Under Admission in Answer, Without Proof of Execution—Presumption.**
   Defendant having admitted, in the answer, execution of a note, held, that the note in suit was properly admitted in evidence without proof of its execution, there being no presumption of the existence of another such note.

2. **Negotiable Instruments—Pleading—General Denial—Evidence of Payment, Admissibility.   Brown v. Forbes, 6 Dak. 273, Distinguished.**
   In an action on a note, where the answer is a general denial, held, that evidence of full payment was properly excluded; the case being different from that of Barnes v. Forbes, 6 Dak, 273, where suit was brought for balance due on account.

Appeal from Circuit Court, Brule County.   Hon. FRANK B. SMITH, Judge.

Action by the Kimball State Bank against W. B. Harker and another, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

*Woerth & Carlson,* for Appellants.

*House & Dyer,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 126.

Respondent cited: Encyc. Pl. & Pr., Vol. 14, p. 599; Brown v. Weldon, 71 Cal. 393; Sankey v. Trump, 35 Ia. 267.

(2) Under point two of the opinion, Appellant cited: Code Civ. Proc., Sec. 139; Brown v. Forbes, 6 Dak. 273.

Respondent cited: Bliss on Code Pleading, Sec. 357, Note 127; Art. 358, Note 130; Quin v. Lloyd, 41 N. Y. 349; Stevens v. Thompson, 14 Kans. 305; Clark v. Spencer, 14 Kans. 398; Bliss on Code Pleading, Sec. 358; Reily v. Kirk, 28 S. D. 159.

POLLEY, J.   This is an action for recovery on a promissory note.   Plaintiff, in its complaint, alleges that defendants executed and delivered to one F. F. Kitterman their certain promissory note; that prior to the date of maturity of said note, the same was, for a valuable consideration, indorsed and transferred to plaintiff; that plaintiff is now the owner and holder thereof; and that no part thereof has been paid.   In their answer defendants admit the execution and delivery of the note, but enter a general denial of all the other allegations of the complaint.   An attempt is also made to plead an affirmative defense, but the matter so pleaded wholly fails to constitute a defense and will be given no further notice.

[1] At the trial, the court, over appellants' objection, admitted the note sued upon in evidence.   This is assigned as error, and, in support of such assignment, it is urged by appellants that, although they admitted in their answer the execution of *a note* to the said Kitterman, it does not follow necessarily that the note they admitted executing was the same one referred to in the complaint, and that the note was not admissible until its execution by the defendants had been proven.   This argument is without any force whatever.   In the first place, there is no suggestion that they ever executed more than one note to said Kitterman, and certainly there is no presumption of the existence of another such note; and, in the second place, they do admit the execution of the identical note described in the complaint.   The admission in their answer is as follows:

"The defendants admit that they made, executed and delivered to one F. F. Kitterman that certain promissory note referred to in paragraph 2 of the complaint herein."

This certainly leaves no doubt as to the identity of the note.

[2] After plaintiff had rested, defendant called a witness to the stand, but before any evidence was received, plaintiff objected to the introduction of any evidence on defendants' behalf, on the ground that the answer does not state facts sufficient to constitute a defense.   This objection was sustained, and the ruling of the court thereon is assigned as error.   Under this assignment, appellants present two questions:   First, they insist that, under the general denial contained in their answer, they were entitled to submit evidence to prove that part or all of the note had been

paid, claiming that the rule permitting this to be done has already been established in this state in Brown v. Forbes, 6 Dak. 273, 43 N. W. 93. In this assumption, they are mistaken. The conclusion reached by the court in that case is based upon a state of facts that does not exist in this case, and, for that reason, the decision in that case is not controlling nor in point in this. The reason why evidence of payment is generally held incompetent under a general denial is that it is new matter constituting a defense, and, like any other material fact, must be alleged in the answer. But whether payment is new matter and must be pleaded in the answer depends upon the allegations found in the complaint. In 16 Cyc. Pl. & Pr. 174, the rule is stated as follows:

"The general rule in the Code states is that payment must be specially pleaded; evidence of payment not being admissible in the absence of such a plea under the general denial."

And in 30 Cyc. 1261, 1262, the rule is stated as follows:

"While in the common-law action of assumpsit evidence of payment was admissible under the plea of nonassumpsit, the present rule in nearly all the states, governed largely by Code proceedings as to pleading new matter as a defense, is that evidence of payment is not admissible under a general denial. And this is equally so where the general denial is contained in a reply. * * * There is an exception where suit is brought to recover an unpaid balance, in which case defendant may prove other payments."

An examination of Brown v. Forbes, supra, will show that, in that case, plaintiff sued for a balance alleged to be due him, averring that certain payments (which he specified particularly), and no others, had been made. And, in considering the right to prove payment under a general denial, the court said:

"Had the plaintiff sued on his contract, alleged performance of it, and demanded judgment, as he might have done, it would have been incumbent on the defendant in his answer to have alleged payment in order to have permitted him to have proved such defense; but where a plaintiff sues for a balance, alleging that certain payments, *and no others,* have been made, he empowers the defendant by his general denial to have the state of the account investigated, the extent to which the original demand

has been reduced by payments ascertained, and the amount of the balance determined."

This is a plain recognition of the distinction, and since the court held that the defendant was entitled to prove additional payments under a general denial because plaintiff alleged that certain payments, *and no others,* had been made, the natural inference is that, in the absence of an allegation of any payments whatever, evidence of payments would not have been admissible under the general denial. Certainly there is nothing in plaintiff's complaint to bring this case within the exceptions above noted. The general rule should apply, and evidence of payment, under the general denial, was properly excluded.

For a second reason why plaintiff's objection to the introduction of any evidence on behalf of defendants should not have been sustained, they contend that, under the pleadings, they had a right to submit evidence to prove, if they could, that the note which plaintiff sues upon is not the same note which these defendants made, executed, and delivered to the said F. F. Kitterman, but, as this contention has already been disposed of, it needs no further consideration.

The judgment and order appealed from are affirmed.