TOLERTON & WARFIELD COMPANY, a Corporation, v. G. H. SULT and W. W. Austin, Copartners, as Marmarth Mercantile Company.

(156 N. W. 939.)

**Book account — balance — action to recover — pleading and proof — variance between — complaint — answer — neither amended — trial — issues — defined by the evidence — construction.**

1. Where, in an action to recover a balance claimed to be due upon a book account, the plaintiff attaches to its complaint and makes a part thereof an account which begins on the 5th day of March, 1909, but, in proving his case and in his evidence in chief, proves the account as beginning at an earlier date, namely, the 14th day of August, 1908, and the point at issue in the case is whether a sale alleged to have been made prior to the 5th day of March, 1909, was actually made, and no permission has been asked to amend the complaint, and no amended answer has been requested, the issues will be presumed to be defined by the evidence, and the case will be treated as if the whole account had been sued upon and a general denial had been interposed.

**Book account — balance — action to recover — proof — recovery when.**

2. Where in an action for the recovery of a general balance upon a book account upon which a payment is admitted, the full balance cannot be recovered without proof of all of the items of debt.

**Mistake — specially pleaded — rule as to — admission — explanation — payment.**

3. The rule that mistake must be specially pleaded does not apply where a person merely seeks to explain an apparent admission and to show his intention in making a payment.

Opinion filed February 16, 1916.

Appeal from the District Court of Bowman County, *Crawford,* J. Action to recover a balance on a book account. Judgment for defendants. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action for a balance claimed to be due on an open account. The complaint alleges: "That, at various times between the

5th day of March, A. D. 1909, and the 21st day of March, A. D. 1910, inclusive, the defendants, acting as copartners under the firm name of Marmarth Mercantile Company, purchased of the plaintiff and plaintiff sold to the defendants certain goods, wares, and merchandise upon account, for which goods, wares, and merchandise the defendants promised to pay the plaintiff at certain times prior to the date of the commencement of this action, the sum of $1,180.75. 3. That plaintiff has, prior to the date of the commencement of this action and after the same became due and payable, demanded and caused to be demanded of the defendants that they pay the said sum, but that the defendants have not paid the same, except that, at various times defendants have paid divers sums to apply on the said account, aggregating the sum of $1,005.23. 4. That there is now unpaid upon the said account and due from the defendants to the plaintiff thereon, the sum of $175.52. 5. That a true and correct statement of the said account is hereto attached and hereby made a part of this complaint and marked 'plaintiff's exhibit A.' Wherefore the plaintiff demands judgment against the defendants for the aforesaid sum of $175.52, together with the costs and disbursements of this action."

The answer is as follows: The defendants admit that at various times they have bought goods, wares, and merchandise from the said plaintiffs, but not of the amount stated in plaintiffs' complaint. 2. That said defendants have paid the said plaintiffs for said goods, wares, and merchandise purchased by them from said plaintiffs, and that they are not in any manner or in any amount whatever indebted to said plaintiffs, but that they have paid said plaintiffs in full for all goods, wares, and merchandise purchased by said defendants from said plaintiffs.

The jury found for the defendants, and from a judgment for dismissal and for the costs of the action the plaintiff appeals.

*Theo. B. Torkelson,* for appellant.

The mere fact that there is a slight variance between the complaint and the proof, and such proof is offered without objection, will not allow or warrant the defendant in offering testimony relating to irrelevant matters. Jones, Ev. 2d ed. § 171, p. 192; Mulroy v. Jacobson, 24 N. D. 365, 139 N. W. 697.

A mere receipt can ordinarily be disputed by parol evidence; but where the receipt purports to be a full compromise or settlement of the claim, such proof will not be admitted in proof of other terms. Such a document is contractual in its nature. Jones, Ev. 2d ed. § 492, p. 621; Vallancey v. Hunt, 20 N. D. 579, 34 L.R.A.(N.S.) 473, 129 N. W. 455.

Money paid by mistake forms the basis of a specific cause of action. Nollman v. Evenson, 5 N. D. 344, 65 N. W. 686; Dickey County v. Hicks, 14 N. D. 73, 108 N. W. 423; James River Nat. Bank v. Weber, 19 N. D. 702, 124 N. W. 952; Rev. Codes 1905, § 680, Comp. Laws 1913, § 7449.

The burden of proof is not always upon the plaintiff in a civil action. It may shift from one party to the other during the trial. Jones, Ev. 2d ed. pp. 204 et seq.; Star Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107; Lokken v. Miller, 9 N. D. 512, 84 N. W. 368; Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516; Jones, Ev. 2d ed. § 176; note 16, § 179, note 17, § 492, note 29.

Instructions which are misleading because assuming as properly in evidence matters which are not, are erroneous and constitute prejudicial error. Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993; Bockoven v. Lincoln Twp. 13 S. D. 317, 83 N. W. 335; Rossiter v. Boley, 13 S. D. 370, 83 N. W. 428; Aldous v. Olverson, 17 S. D. 190, 95 N. W. 917.

*Emil Scow,* for respondents.

In an action to recover a balance due upon a book account, evidence of the entire transaction is admissible. Tucker v. Quimby, 37 Iowa, 17; Lamb v. Hanneman, 40 Iowa, 41; Fitzpatrick v. Harris, 8 Ala. 32; Dougherty v. Knowlton, 19 Ill. App. 283; 1 Cyc. 475.

Any evidence which tends to combat the correctness of plaintiff's claim is admissible, in an action on an account. 1 Cyc. 478; Kehl v. Smith, 87 Wis. 212, 58 N. W. 244; Northern Grain Co. v. Pierce, 13 S. D. 265, 83 N. W. 256.

The account here is not admitted, and in the discretion of the court, the entire account or transaction between the parties was open to investigation as bearing on the question of whether or not there was anything

due from defendant. Miller v. Carnes, 95 Minn. 179, 103 N. W. 877;
Buckeye Buggy Co. v. Dickey, 122 Ga. 290, 50 S. E. 66; Satterlund
v. Beal, 12 N. D. 122, 95 N. W. 518; Lokken v. Miller, 9 N. D. 512,
84 N. W. 368; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann.
Cas. 516.

To shift the burden of proof, the defendant's admission must extend
not only to the admission of an indebtedness, but also to the amount
thereof. Coats v. Gregory, 10 Ind. 345.

In an action on account and note, less admitted credits, the burden is
on plaintiff to prove that both are due and owing, and defendant is,
entitled to an instruction to that effect. Laubheimer v. Naill, 88 Md.
174, 40 Atl. 888.

Where a party denies liability on a certain item in an account, a
credit thereon cannot be properly applied without his consent. Bay
City Iron Co. v. Emery, 128 Mich. 506, 87 N. W. 652; Huffstater v.
Hayes, 64 Barb. 573; Allen v. Brow, 11 Tex. 520.

A verdict on conflicting evidence is conclusive on the appellate court.
Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516.

BRUCE, J. (after stating the facts as above). Although the book
account which was attached to and made a part of the complaint osten-
sibly begins on March the 5th, 1909, such account, in fact, was of
earlier origin, and plaintiff, in order to make out its case and in order
to avoid a payment which was made on May 29, 1909, disregarded its
pleadings, and proved such account from its inception on the 14th day
of August, 1908. In this new account was an item of some $182.82,
which was alleged to have been sold to the defendants on the 29th day
of January, 1909, and to the payment of which plaintiff sought to apply
the payment of May 29, 1909. The whole controversy, therefore, arises.
over the question of whether on the 29th day of January, 1909, and
prior to the said March 5, 1909, the plaintiff sold to the defendants a
certain bill of goods, or whether such goods were, in fact, sold to a third
party (Harrison), the defendants only agreeing to act as collecting
agents.

The principal assignment of error is that the court erred in instruct-
ing the jury that "in a civil action, before the plaintiff can recover, he
must prove by a fair preponderance of the evidence the allegations of

the complaint. That is, it places upon the plaintiff the burden of showing that he sold and delivered the goods to the defendants and defendants still owe him." The plaintiff maintains that "the jury should have been instructed that the defendants had pleaded payment, and that therefore the burden of proof was upon them to show by a fair preponderance of the evidence the facts upon which they relied as constituting such payment."

Whether this would have been the fact or not under the case as originally presented by the pleadings, it is not necessary for us to determine. Nor is it necessary for us to criticize the somewhat informal answer which was filed in this case, and to say whether it contains both a general denial and a plea of payment or a plea of payment merely. All that it is necessary for us to say is that, in presenting its case, the plaintiff departed from its pleadings and introduced an entirely different account, and that, as no amendment to the pleadings was asked and no request made that the defendant should answer the new account which was sued upon, it must be presumed that the same was generally denied, and that, such being the case, the burden of proof to prove its account was upon the plaintiff.

Attached to the original complaint and made a part of it was an account which began on the 5th day of March, 1909. Plaintiff, however, when it presented its case and in order to avoid a payment which it knew had been made on May the 29th, 1909, but for which it had given no credit in its account as originally filed, proved as a part of its own case the entire account from its inception on the 14th day of August, 1908, so as to be able to include therein the alleged sale on January 29, 1909, in the payment of which it sought to apply and to extinguish the remittance made on the 29th day of May, 1909, and thus leave to itself a balance of some $175.72 due on the account from the 5th day of March, 1909.

In doing this, plaintiff practically interposed a new account and a new complaint. The issues were defined by the evidence. A denial would be presumed by the law, and under these issues the burden of proof was upon the plaintiff. Mott v. Baxter, 29 Colo. 418, 68 Pac.

220; Pom. Code Rem. 3d ed. §§ 629, 700; Quinn v. Lloyd, 41 N. Y. 349; Brown v. Forbes, 6 Dak. 273, 43 N. W. 93; Powers v. Russell, 13 Pick. 69; Chicago, C. & L. R. Co. v. West, 37 Ind. 211; Fish & H. Co. v. New England Homestake Co. 27 S. D. 221, 130 N. W. 841; Hudson v. Hudson, 119 Ga. 637, 46 S. E. 874; 31 Cyc. 460.

"In an action on an account plaintiff's account is not in its nature self-proving. . . . While as a general rule the burden of proving a negative averment is not upon plaintiff, yet . . . in an action on an open account for services plaintiff does not make [out] a case merely by showing . . . [the delivery of the goods and the value thereof]. Where the action is for the recovery of a general balance . . . [upon a book account] upon which a payment is admitted, the full balance cannot be recovered without proof of all the items of debt, because there is no authority in such a case to apply the payments to any particular items of the account." 1 C. J. 661, 662; Huffstater v. Hayes, 64 Barb. 573; Allen v. Brown, 11 Tex. 520.

Here the complaint was for a balance due on a book account, and contained negative averments of nonpayment which a denial, general or specific, would have put in issue. See Brown v. Forbes, 6 Dak. 273, 43 N. W. 93; Quinn v. Lloyd, 41 N. Y. 349; Mott v. Baxter, 29 Colo. 418, 68 Pac. 220; Pom. Code Rem. 3d ed. § 700; Knapp v. Roche, 94 N. Y. 329. The plaintiff proved as a part of its case, and sought to recover upon an account, the date of origin of which was prior to the account sued upon. It asked for no new pleadings and went to trial on the new issue presented by it. A denial must be presumed, and the burden of proof was upon the plaintiff. This is not a case where a plea of payment was necessary and in which the burden of proof was therefore cast upon the defendant to sustain it. A plea of payment is only necessary where it interposes new matter. Brown v. Forbes, 6 Dak. 273, 43 N. W. 93; Sylvis v. Sylvis, 11 Colo. 319, 17 Pac. 912; Mott v. Baxter, 29 Colo. 418, 68 Pac. 220. In the case at bar, indeed, the new matter was sought to be interposed by the plaintiff, and not by the defendant.

Nor is there any merit in plaintiff's objection to the question, "Now

in the deposition taken here you find a statement that on January 22, 1909, the Tolerton & Warfield Company sold you merchandise consisting of a thirty-day bill of goods, $71.65, and a sixty-day bill of goods amounting to $6.39, and a sixty-day bill of goods amounting to $104.88 ?" This question was asked one of the defendants, and was objected to on the ground that it related to a transaction between the parties prior to the time mentioned in the complaint. Plaintiff's agent, however, had not only testified to the transaction on his examination in chief, but had introduced in evidence in such examination the entire account between the parties, and which began, not on March 5, 1909, but on August 14, 1908. It was for the purpose of paying itself for this alleged account that the plaintiff had admittedly applied the payment of $182.82 which was made on May 29, 1909. We think there can be no question that when one sues upon a book account and alleges that it begins upon a certain date, or that the payments thereon began upon a certain date, and has excluded from such account a payment made after that date, and seeks to apply it upon a subsequent transaction, proof of the entire account can be introduced and all of the payments and credits therein during its whole existence. Lamb v. Hanneman, 40 Iowa, 41. And so, too, it is also to be noticed that the plaintiffs in their own deposition introduced evidence of this transaction; and though we held in the case of Mulroy v. Jacobson, 24 N. D. 354, 139 N. W. 697, that the introduction by the defendant, without objection of letters, did not warrant the court in receiving in evidence letters or other evidence by the defendant which were objected to, we have nowhere held that a party may open the door himself and then object to evidence on the identical transaction to which he has testified, and especially when such transaction is necessarily included in his cause of action.

Nor do we think the court erred in allowing the defendants to explain their letter of May the 29th, 1909, with which the payment of $182.82 was transmitted, and to say whether they intended the remittance to cover the Harrison bill, or merely to apply on the general account. This letter was as follows:

33 N. D.—19.

Marmarth, May 29, '09.

Tolerton Warfield Co.,                                          Checked
    Sioux Cty, Ia.                                    June 1, 1909
                                               Bookkeeper.

Gents :—
  We send you ck in payt bills as follows:

$104.88
6.29
71.65
10.65
3.25
_____

$196.72

We have not rcd a cent from the Harrison bills & as that bill was by your request you surely will be willing to allow us a little time to collect it. Your man took the acct & we objected to it & he said you would send us a cr memo for 13%.

We are truly,

Marmarth Merc. Co.

The letter, at the most, was an admission against interest. The plaintiff sought to prove by it that the defendants had, in fact, bought the Harrison bill of goods, because the items of $104.88, $6.29, and $71.65 correspond with that bill. The defendants, on the other hand, contended that they merely intended to remit on the general account; that these amounts were taken from the files, and not from their books, and that when remitting it was not noticed that they related to the Harrison bills, which the defendants contended they had merely agreed to collect as agents, and not to guarantee or to assume. The rule that mistake must be specially pleaded does not apply where a person merely seeks to explain an apparent admission and to show his intention in making a payment. Nor are the defendants herein seeking to recover back money which was paid by mistake. They are merely seeking to have it properly applied.

From a perusal of the record we are not prepared to say that there

is not sufficient evidence to support the verdict, and we are satisfied that the matter was one for the jury, and not for the court, to pass upon. The judgment of the District Court is affirmed.